CHARLES E. SWEENEY *vs.* THOMAS GILLOOLY & another.

A recognizance under the Gen. Sts. *c.* 124, § 10, is avoided by the discharge of the debtor by a qualified magistrate after due proceedings begun within thirty days after the arrest, notwithstanding another application more than seven days previously, during the thirty days, to another magistrate, by the debtor, and his failure to appear at the time and place thereupon fixed for his examination.

CONTRACT on a recognizance under the Gen. Sts. *c.* 124, § 10, submitted to the judgment of the court upon facts agreed, of which the following is the substance :

On November 3, 1868, John F. Sloan (one of the defendants, and the principal in the recognizance) was arrested on an execution in favor of the plaintiff, and desiring to take the oath for the relief of poor debtors, entered, with Thomas Gillooly, the other defendant, as surety, into a recognizance under the Gen. Sts. *c.* 124, § 10, in the usual form, conditioned "that the said Sloan, within thirty days from the time of his arrest as before stated, will deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided in and by the" Gen. Sts. *c.* 124, "and appear at the time fixed for his examination, and from

time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon ; and if the said Sloan shall in all respects perform and keep the said condition, then this recognizance to be void, otherwise to be and abide in full force."

On November 4, Sloan, after the service of due notice on the plaintiff, appeared for examination on an application to take the oath before the magistrate who took the recognizance ; the plaintiff also appeared; the examination was begun, and was adjourned by the magistrate to November 13 ; and at the time and place to which it was adjourned the magistrate and the plaintiff were present, but Sloan did not appear, and was thereupon declared by the magistrate to have made default.

On November 15, 1868, Sloan applied to another duly qualified magistrate for examination, who appointed a time and place therefor, and issued notice thereof to the plaintiff, which was duly served upon him November 16 ; and at the time and place thus appointed Sloan and the magistrate were present, and Sloan submitted himself for examination, but the plaintiff did not appear, nor any one in his behalf, whereupon Sloan was discharged from arrest, by this magistrate, who made a proper certificate thereof.

*C. D. Dunton,* for the plaintiff.

*C. Robinson, Jr.,* for the defendants.

Colt, J.   The defendant's discharge, granted upon a delivery of himself for examination within thirty days from the day of his arrest, and upon notice to the creditor, with no default or failure to abide the order of the court, on the proceedings then commenced and carried to their regular termination, as required by Gen. Sts. *c.* 124, is a good defence to this action.   There was a strict compliance with the terms of the recognizance. And the effect of the proceedings is not impaired by the fact that he had made a prior application to another magistrate, and failed to appear for examination at the time fixed by him.   His default upon this first application may have been occasioned by accident or mistake, or by circumstances which, without actual fault on his part, made it impossible for him to attend.

The default under the first application would have given the plaintiff his action upon the recognizance, if no other proceedings had been had within the thirty days. But it was rendered of no account by his discharge under the subsequent notice. This construction is sustained by § 14, which gives an unrestricted right to a new application and notice at the expiration of seven days from the service of the former notice, without reference to the causes which produced failure in the former proceedings. *Skinner* v. *Frost*, 6 Allen, 285. *Sweetser* v. *Eaton*, 14 Allen, 157. *Judgment for the defendant.*