GEORGE W. SAFFORD *vs.* LUTHER H. CLARK & others.

If a defendant arrested on execution has given notice of his desire to take the poor debtor's oath, a new notice given within seven days is invalid, if the service of the first notice was in fact sufficient, although it does not appear from the officer's return whether it was sufficient or not.

CONTRACT on a recognizance entered into under the Gen. Sts. c. 124, § 10, by Luther H. Clark as principal, and the other defendants as sureties. Trial in the superior court, without a jury, before *Pitman*, J., who reported the following case:

Clark having been arrested on an execution in favor of the plaintiff, and having entered into the recognizance sued on, a notice of his desire to take the poor debtor's oath, fixing the time of the examination at ten o'clock in the forenoon of Monday, December 20, 1869, was issued to the plaintiff. The return, signed by the officer who served this notice, was as follows: "December 18, 1869. I have this day served this notice on the creditor, George W. Safford, by leaving with him an attested copy thereof." The creditor lived eleven miles from the place fixed for examination. At the time fixed for the examination the officer was not present, and the only evidence before the magistrate as to the time of the service of the notice was the return thereon. The debtor thereupon requested the magistrate to issue a new notice; such notice was immediately issued and served December 21; and the debtor appeared at the time and place fixed by the new notice and was discharged, the creditor not being present. The officer afterwards amended his return on the first notice by inserting after the word "served" the words "at six o'clock in the afternoon;" and the return, as amended, was in accordance with the truth.

The defendants requested the judge to rule that, "under the circumstances narrated, the debtor had a right to give the second

notice;" but he declined so to rule, and ruled "that, said notice having been given within seven days of the prior notice, and the first notice not having been in fact insufficient in form or service, although it might have appeared so by the original return so far as related to the service, its issue was not authorized by law and the debtor took nothing by the proceedings thereafter," and found for the plaintiff. If there was error in the ruling, the finding was to be set aside, otherwise the plaintiff to have judgment thereon.

*J. Brown*, for the defendants.

*H. J. Fuller*, (*E. H. Bennett* with him,) for the plaintiff.

AMES, J. By the Gen. Sts. *c.* 124, § 14, it is provided that "when a defendant or debtor has given notice of his desire to take the oath for the relief of poor debtors, no new notice of the same shall be given until the expiration of seven days from the service of the former notice, unless the former notice was insufficient in form or service." The only question in this case was as to the sufficiency of the first notice, the second having been given within less than seven days after the first. The length of the notice to which the creditor is entitled depends upon the distance of the place of the intended examination from the place of service, and is frequently to be reckoned by hours rather than by days. Upon the service of the notice in this case, the officer made a return which wholly failed to furnish to the examining magistrate and to the debtor any means of knowing whether legal notice had been given or not. It was therefore an insufficient return; but the right of the debtor to issue the new notice is not made by the statute to depend upon the sufficiency of the officer's return. An incomplete return can be amended; *Park* v. *Johnston*, 7 Cush. 265; and the examination might have been adjourned for the purpose of ascertaining the particulars as to the hour of the service and the distance to be travelled, and in that way to make the requisite amendment. *Tilden* v. *Johnson*, 6 Cush. 354. *Smith* v. *Randall*, 1 Allen, 456. *Lord* v. *Skinner*, 9 Allen, 376.

The case finds that in point of fact the first notice was sufficient both in form and service, and there seems to be no ground for saying that the indistinctness of the officer's return would of itself justify the issue of the new notice. The result therefore must be                    *Judgment for the plaintiff.*