## Joseph H. Millett *vs.* James B. Lemon.

Under the Gen. Sts. *c.* 124, § 14, a new notice of a desire to take the poor debtor's oath cannot be served until the expiration of seven days, exclusive of the first day, from the proper service of a former legal notice, although the magistrate has adjudged such former notice to have been insufficient.

A debtor's appearance before a magistrate, in pursuance of a notice of a desire to take the poor debtor's oath, does not prevent a breach of the recognizance, if no proceedings are had under the notice.

The fact that a debtor who has given notice of a desire to take the poor debtor's oath does not appear at the appointed time and place, is not a breach of the recognizance when there remains sufficient time before the expiration of the thirty days to give a new notice.

CONTRACT against a surety upon a recognizance for the principal's appearance to take the oath for the relief of poor debtors. The breach of the recognizance was alleged as follows: "And the plaintiff says that upon the 24th day of July, A. D. 1869, he was duly served with a notice from the said Francis A. Kehew, of his desire to take the oath for the relief of poor debtors, at the office of the said Joseph G. Waters, Esq., and the plaintiff with his counsel appeared there at the time appointed, and remained there for the space of one hour; but the said Francis A. Kehew did not appear, but made default."

At the trial in the Superior Court it appeared that one F. A, Kehew, having been arrested July 23, 1869, on an execution against him in favor of the plaintiff in this action, was taken before Joseph G. Waters, justice of the Salem Police Court, and there recognized for his appearance before the magistrate within thirty days from the time of his arrest, for the purpose of an examination, and of taking the oath for the relief of poor debtors. The defendant appeared with Kehew, and recognized with him as surety. On the next day, July 24, at the request of Kehew, the magistrate issued the following notice : " To Joseph H. Millett. Francis A. Kehew, commorant of Salem, arrested on an execution in your favor, desires to take the oath for the relief of poor debtors at my office, in Salem, on this twenty-fourth day of July, A. D. eighteen hundred and sixty-nine, at twelve o'clock, M. Witness my hand, this twenty-fourth day of July, A. D. 1869. Joseph G. Waters, Jus. Pol. Court city of Salem."

This notice was served upon the plaintiff personally at nine o'clock in the forenoon of the same day.

At the time appointed, Kehew appeared, but the plaintiff did not appear ; whereupon the magistrate, determining that sufficient notice had not been given to the plaintiff, appointed July 27, at three o'clock in the afternoon, and his office, as a second time and place for the examination, and notice was given the plaintiff by service upon his attorney July 24, at twelve and one half o'clock in the afternoon. At the time appointed, Kehew again appeared, but the plaintiff did not ; whereupon the magistrate was again of the opinion that a sufficient notice had not been given to the creditor, and thereupon August 5, at half past three in the afternoon, was appointed for the examination, and notice was served upon the plaintiff personally, July 31, at ten o'clock in the forenoon. At this third hearing the plaintiff did not appear, but Kehew appeared, was examined, took the oath, and was discharged from arrest by the magistrate.

A witness who had been the plaintiff's counsel in the police court, testified as follows : " Am counsel for the plaintiff. Was informed, on the twenty-fourth day of July, 1869, by the plaintiff, that he had had a notice served on him to appear that

day at twelve o'clock, noon, at Judge Waters' office, to attend the examination of Mr. Kehew. This was about quarter before one o'clock of that day. We then started together, Millett and myself, and went to the office of Judge Waters, arriving there about five minutes before one, and found him gone and nobody there." The plaintiff here rested his case, but, at the suggestion of the court that this made no case, the plaintiff recalled the witness and re-opened his case, asking the question, " How far from the place of examination was the residence of J. H. Millett, the plaintiff ? " The witness answered that "in his judgment it was less than a mile."

Upon this state of the case, the parties consented that the case should be reported to this court for its determination, and it was so reported by *Lord*, J.

If upon the case thus made, by such evidence as should be deemed competent, the jury would be warranted in finding a verdict for the plaintiff, the case was to stand for trial ; otherwise judgment was to be entered for the defendant.

*S. B. Ives, Jr., & C. Sewall,* for the plaintiff.

*N. J. Holden,* for the defendant.

DEVENS, J. This action is brought against the defendant as surety on a recognizance for the appearance of one Kehew (who had been arrested upon an execution in favor of the plaintiff) before some magistrate duly qualified, within thirty days from the time of his arrest, for the purpose of examination and of taking the oath for the relief of poor debtors, as provided under the General Statutes.

On the 24th day of July, the next day after the date of the recognizance, a notice was issued by the magistrate, at the request of the debtor, for the taking of the oath before him at noon on the same day. This notice was served upon the plaintiff, who resided less than a mile from the place of examination, by giving him in hand, at nine o'clock in the forenoon, a copy thereof. At the time when the same was returnable, the magistrate, determining that the notice was not sufficient, did not administer the oath, but issued a new notice of the same date, returnable on the 27th of July, at his office in Salem, at three o'clock in the afternoon.

This notice was served on the attorney of the plaintiff on the same day, at half past twelve o'clock. At the second hearing Kehew appeared, but the plaintiff did not, and the magistrate, determining that the notice was not sufficient, issued a third notice of the date of July 27, returnable before himself at his office on the 5th day of August thereafter, at half past three in the afternoon. This notice was, on the 31st day of July, served on the plaintiff by giving him a copy in hand. At the third hearing, Kehew appearing, and the plaintiff not appearing, after examination the oath was administered by the magistrate.

As all these notices were dated within a period of seven days, no new notice can be given until the expiration of seven days from the service of the former notice, unless such former notice was insufficient, from defect of form or of service. Gen. Sts. *c.* 12, § 14. It follows that nothing could properly be done under the third notice, so as to relieve the defendant from the forfeiture of the recognizance, unless both the first and second notices were defective in form or service; or unless we should hold that the decision of the magistrate that they were so defective, irrespective of its correctness, was sufficient to entitle the debtor to give a new notice, and avail himself of an examination held under it.

It is not suggested that either of these notices was defective in form. The only inquiry therefore, is as to the service. It appears that Millett lived only one mile from the magistrate's office, and that the first notice was served on him by giving him an attested copy in hand at nine o'clock in the morning, it being returnable at twelve. He was entitled to one hour's notice previous to the hearing, and to one hour for every mile of travel. The return of the officer does not show where Millett was when the service was made upon him. It is therefore contended that the service may not have been sufficient, because he may have been away from his residence. All reasonable presumptions are to be made in favor of an officer's return. When it is apparently sufficient, it is to be so considered. As the right of the debtor to issue the second notice depends upon the insufficiency of the first, it is for the defendant to show that it was insufficient. It is not enough to show that a state of facts might have existed under

which it would have been so. It was of course entirely compe-
tent to have had the return amended so that it should state the
facts more fully, if the debtor had suggested it. We do not there-
fore perceive that it is shown here by the defendant that the
service of the first notice was defective. If, however, we assume
that it was, the second notice might properly be served, and we
next inquire whether the service of that was defective. It was
served on the plaintiff's attorney, as appears by the return, on
July 24, at half past twelve in the afternoon, by giving him in
hand an attested copy. The return only shows that the service
was in the county of Essex, but the evidence of the attorney, as
reported by the presiding judge, shows that during that hour he
was in Salem, and the notice was not returnable until the 27th,
at three o'clock in the afternoon. Such service may properly be
made upon the attorney. Gen. Sts. *c.* 123, § 13. And it is clear
that the time was ample. Assuming the first notice to have been
defective, the second could properly issue, and was properly served.
If this is so, no rights whatever could be acquired under the third
notice, unless we hold that the decision of the magistrate not to
proceed under the second, on the ground of insufficiency of notice,
was so far conclusive as to justify the issue of the third notice.
There is a statement of Chief Justice Bigelow, in *Skinner* v.
*Frost,* 6 Allen, 285, which would seem to countenance this posi-
tion. He says, in speaking of the notices in the case before him,
"If the first notice was sufficient in form, as we think it was, the
debtor's departure from the place appointed for the examination
did not constitute a breach, because he did not go without leave
of the magistrate. He could not compel the magistrate to ad-
minister the oath, and if the magistrate adjudged the notice
insufficient erroneously, and refused to act on that ground, it was
no fault of the debtor." This remark is to be considered in its
application to the facts of that case, which was decided upon the
ground that, after what took place under the first notice, there
had been a second notice issued more than seven days subsequently
to the issue of the first, under which all the proceedings had been
regular, and by which proceedings the debtor had been dis-
charged. In the present case, if the magistrate had erroneously

decided that the notice was insufficient, and the debtor had waited seven days, and, after their expiration, had caused to be issued a new notice, under which, by regular proceedings, he had been discharged, the recognizance would not have been forfeited. The difficulty of the present case is that the defendant desires to avail himself of this decision of the magistrate to sustain proceedings under a notice issued within seven days.

In *Safford* v. *Clark*, 105 Mass. 389, where the return of the officer showed a service which might or might not be sufficient, the hour not being stated, the magistrate did not proceed under it, but issued a new notice within seven days. In point of fact the service was sufficient, and so appeared to have been by the return as subsequently amended by the officer. It was held that the issue of the second notice was not authorized by law, and that the debtor took nothing by the proceedings under it. That case substantially decides, and we think correctly, that an erroneous adjudication by a magistrate that a first notice was defective will not justify the issue of a second within seven days ; but that the question always is, in reference to a second so issued, whether or not the first was defective in form or service.

We think it is clearly the intention of the law that the debtor, in order to be discharged, shall see to it that he submits to an examination within the thirty days, before a competent magistrate, on notice to the other party. He is released from custody on condition of so doing. Time enough is given him, if he attends to the matter, to provide against any accident or mistake. *Sweeney* v. *Gillooly*, 103 Mass. 549. He has thirty days for this purpose. He may commence proceedings by the issue of a new notice, if from any cause the previous proceedings fail, every seven days, and the creditor must attend when notified, or lose his right to examine. It does not seem to be too much to require, that before the thirty days expire he shall have afforded the creditor opportunity to examine him. If the magistrate is not present at the time and place appointed, the debtor must give a new notice, because upon him is the responsibility of affording the opportunity. If, by error of the magistrate, a notice is pronounced defective, he must see that a new one is given at such interval of

time that, even if that decision be erroneous, the creditor will have the opportunity he is entitled to. *Case to stand for trial.*

The case was accordingly again tried in the Superior Court, when it further appeared, from the testimony of the officer who served the notices, that the first notice was served upon the plaintiff at his residence, which was within less than a mile of the magistrate's office, and that the second was served upon the plaintiff's counsel at the counsel's office, which was within one fourth of a mile from the magistrate's office. The case was again reported to this court, by *Lord*, J., and argued at November term, 1874.

*C. Sewall*, for the plaintiff.

*N. J. Holden*, for the defendant.

MORTON, J. The only substantial difference between the facts stated in this report, and the facts as they appeared at the former hearing of the case, is that it now appears that the first notice was served upon the creditor at his residence, which was less than a mile from the magistrate's office, thus showing that the service of this notice was sufficient.

This, however, is immaterial, and it was so regarded at the former hearing. It was then held that, unless both the first two notices were insufficient in form or service, the discharge of the poor debtor under the third notice was invalid, and did not avoid the recognizance. Applying the general rule, that where, by a statute or contract, a future time is to be computed from the date or day of the date, or some act done, the first day is excluded in the computation, it was held that the third notice was served before the expiration of seven days from the service of either of the former notices. *Seekonk* v. *Rehoboth*, 8 Cush. 371.

It makes no difference, therefore, in the result, that the first notice is now shown to have been sufficient.

The defendant now contends that, as the first notice was sufficient, and the debtor appeared before the magistrate in conformity with it, he was thereby discharged, and the recognizance avoided.

But this ground cannot be sustained. No proceedings were had under this notice. It was an unsuccessful attempt by the

debtor to avail himself of the statute for his relief, but he was not discharged, and the recognizance remained in full force.

The defendant contends that the plaintiff cannot recover under the declaration as it stands, because the only breach alleged is that the debtor did not appear at the time and place fixed in the first notice, but made default. This objection, if it had been seasonably made, must have prevailed. The failure of the debtor to appear and take the oath on the 24th of July, was not a breach of the recognizance. He could at any time after that, within the thirty days, have taken the oath, after due notice to the creditor.

But this question is not raised upon the report. The objection was not taken at the trial. If it had been, it might have been obviated by an amendment. Upon an amendment being filed in the Superior Court, properly alleging the breach proved, the plaintiff will be entitled to judgment.

*Judgment for the plaintiff.*