### J. M. BROWNE *vs.* A. G. R. HALE & another.

Suffolk. ' Nov. 15. — 20, 1878.   March 10. — July 9, 1879.   MORTON & ENDICOTT, JJ., absent.

A bill of exceptions, admitted to have been duly presented to the judge, appeared by the record to have been seasonably filed, and at a subsequent term, after two general continuances of the case, restored by the judge to the files of the court, with his certificate thereon "examined and allowed," and within four days afterward entered in this court. *Held*, that notice to the adverse party of the filing of the exceptions, and his attendance before the judge at the hearing upon their allowance, need not appear of record, and were to be presumed in the absence of proof to the contrary; that neither the lapse of time, while the judge retained the exceptions, nor his omission to state in his certificate the reasons rendering the delay in restoring the exceptions to the files necessary, nor the want of any continuance *nisi* during the intervening vacations, afforded ground for dismissing the exceptions; and that the exceptions were entered in due time in this court.

A party in whose favor a ruling is made, and who, upon the adverse party filing a bill of exceptions to such ruling, presents to the judge a draft of what he thinks such exceptions should be, cannot, on the judge allowing the bill of exceptions as filed, maintain a petition to this court, under the Gen. Sts. c. 115, § 11, to establish the truth of the allegations contained in his draft of the exceptions.

If, in an action on a recognizance given by a poor debtor, under the Gen. Sts. c. 124, § 10, it appears that the debtor was discharged on a notice issued within seven days from the giving of a previous notice, the burden is on the defendant to show that the first notice was insufficient in form or service.

CONTRACT on a recognizance entered into under the Gen. Sts. *c.* 124, § 10, by the defendant Hale as principal, and the other defendant as surety, and containing the usual conditions.

At the trial in the Superior Court, before *Pitman*, J., it appeared that, on November 28, 1876, the principal defendant was

duly arrested on an execution issuing from the Superior Court in the county of Norfolk, in favor of the plaintiff, who was described as of Stoughton, in that county; that the writ was issued and indorsed, " from the office of J. M. Browne, Stoughton; " that the plaintiff appeared, *pro se*, in the original action; that said arrest was made in Boston; and on the same day Hale was taken before a master in chancery for the county of Suffolk, and entered into the recognizance in suit; that on December 20, 1876, Hale applied to the same magistrate to take the oath for the relief of poor debtors; that the magistrate issued a notice in due form on that day, returnable before himself at his office in Boston on December 26, 1876. The magistrate testified that he could not find the original notice among his papers, nor could he tell whether it was returned to him at the time and place of examination, or whether he had ever seen it since its issue; that the defendant Hale appeared and informed him that service of the notice had been made upon the creditor, but sufficient time had not been allowed for the service, and requested the magistrate to issue a new notice, which he did on December 26, 1876, making it returnable before himself on December 28, 1876. This notice was served upon the officer who made the arrest; and, at the time and place appointed for the examination, the debtor appeared, and was discharged by the magistrate at the expiration of the hour.

The plaintiff asked the judge to rule, upon the above facts, that he was entitled to recover, because the magistrate had no authority to act under the first notice, as it had never been returned to him; that it was not competent for him to decide that the service of the same was not sufficient without having the notice returned to him; and that any proceeding under the second notice was void.

The judge declined so to rule; and directed the jury to return a verdict for the defendants. The plaintiff alleged exceptions.

Upon the docket of the Superior Court were the following entries: April Term 1878. " May 20. Verdict for defendants. May 23. Plaintiff's proposed exceptions." October Term 1878. " October 22. Plaintiff's motion for new trial by leave. Motion for new trial overruled. October 28. Plaintiff's exceptions allowed and filed." The judge's certificate upon the exceptions

was simply, "Examined and allowed." The exceptions were entered in this court November 1, 1878.

On November 12, 1878, the defendants filed a motion to dismiss the exceptions, for the following reasons, and at the argument of that motion cited the authorities referred to under each:

1st. That the exceptions were filed with the clerk and presented to the judge May 23, but were not restored by the judge to the files within five days afterwards, with a certificate under his hand, either allowing or disallowing them; nor were they allowed or restored to the files until October 28, after the court had adjourned without day, and without continuing the case *nisi* for the allowance of exceptions, nor were any reasons, rendering such delay necessary, certified by the judge on restoring the exceptions to the files. Gen. Sts. *c.* 115, §§ 7, 8, 11; *c.* 133, §§ 1, 7. *Barstow* v. *Marsh*, 4 Gray, 165. *Doherty* v. *Lincoln*, 114 Mass. 362. *Commonwealth* v. *Greenlaw*, 119 Mass. 208. *Nye* v. *Old Colony Railroad*, 124 Mass. 241.

2d. That the bill of exceptions omitted some of the evidence introduced at the trial, and did not set forth the evidence sufficiently to show that the judge erred in his rulings.

3d. That the defendants did not have an opportunity to be heard before the judge upon the exceptions as allowed. Gen. Sts. *c.* 115, § 7. *Conway* v. *Callahan*, 121 Mass. 165.

4th. That the exceptions were not entered in this court within twenty days from the adjournment without day of the term at which the verdict was rendered. Gen. Sts. *c.* 115, § 12. St. 1864, *c.* 111. *Priest* v. *Groton*, 103 Mass. 530. *Bentley* v. *Ward*, 116 Mass. 333.

The defendants also, on November 12, filed in this court a petition alleging that the bill of exceptions, filed and presented by the plaintiff and allowed by the judge, contained only portions of the evidence introduced by the plaintiff at the trial, and omitted a portion of the evidence upon which the defendants relied, and which supported the ruling, and which had been included in a draft, which the defendants prepared and presented to the judge, of exceptions for the plaintiff. The petition set forth the evidence so omitted, and prayed that, if the bill of exceptions allowed should be heard, the petitioners might be

permitted to establish the truth of that part of the exceptions omitted or altered by the judge. The defendants filed with their petition a copy, certified by the clerk of the Superior Court, of their draft of the bill of exceptions.

The plaintiff moved to dismiss the petition, because it did not show that the judge had made any alteration or omission in the bill of exceptions filed and presented by the plaintiff, and because the petitioners had alleged no exceptions at the trial.

*B. F. Briggs*, for the defendants.

*S. W. Harmon*, for the plaintiff.

GRAY, C. J. The motion and petition of the defendants are founded on a misunderstanding of the scope and effect of the statutes regulating the allowance and proof of exceptions.

It is the duty of the excepting party to file his exceptions with the clerk, to give notice thereof to the adverse party, and to present them to the judge, at the same term and within three days after verdict, unless the time is extended by the judge ; and it is the right of the adverse party to have an opportunity to be heard concerning the allowance of the exceptions so presented. Gen. Sts. *c.* 115, § 7. The time of filing the exceptions must appear of record. *Doherty* v. *Lincoln*, 114 Mass. 362. But the notice to the adverse party, or his attendance before the judge at the hearing upon the allowance of the exceptions, does not appear upon the record, and is to be presumed, in the absence of proof to the contrary, the ordinary means of which is the certificate of the judge. *Conway* v. *Callahan*, 121 Mass. 165. The restoring of the exceptions, when allowed, to the files, with a certificate of the reasons rendering necessary any unusual delay in so doing, is a duty resting on the judge, over the performance of which the party has no control; and the want of an exact compliance on the part of the judge with the directions of the statute in this respect does not deprive the excepting party of the right to prosecute exceptions which the judge has allowed and restored to the files. Gen. Sts. *c.* 115, § 8. *Borrowscale* v. *Bosworth*, 98 Mass. 34, 37, 39. *Hale* v. *Rice*, 124 Mass. 292, 297.

In the present case, it is admitted that the plaintiff filed his exceptions, and presented them to the judge, within three days after the verdict ; judgment could not properly be entered until the exceptions were disposed of ; and the docket shows that the

exceptions allowed were restored to the files at a subsequent term and before the entry of final judgment. The case, like all others in which there had been no final judgment, stood continued from term to term under the general order; no action having been taken in vacation, the fact that the case had not been continued *nisi* was immaterial; and neither the lapse of time, nor the imperfection of the certificate, affords any ground for dismissing the exceptions. The question whether there appears to have been error in the rulings at the trial may more properly be determined upon the argument of the exceptions. The suggestions that material evidence introduced at the trial was omitted in the exceptions allowed, and that the defendants were not duly heard upon the allowance of the exceptions, are unsupported by the record or by other evidence. The exceptions were entered in this court within four days after they had been allowed and restored to the files of the Superior Court. The motion to dismiss the exceptions must therefore be overruled. *Priest* v. *Groton*, 103 Mass. 530.

By the Gen. Sts. *c.* 115, § 11, "If the justice disallows or fails to sign and return the exceptions, or alters any statement therein, and either party is aggrieved, the truth of the exceptions presented may be established before the Supreme Judicial Court upon petition setting forth the grievance, and thereupon, the truth thereof being established, the exceptions shall be heard, and the same proceedings had as if they had been duly signed and brought up to said court with the petition. The Supreme Judicial Court shall make and promulgate rules for settling the truth of exceptions alleged and not allowed."

The object of this section is to secure to a party aggrieved by a ruling at the trial additional means for obtaining a revision thereof. It is only a party against whom a ruling has been made, who can allege or present exceptions to the ruling, or who can be said to be aggrieved, either by the ruling itself, or by disallowing, failing to sign and restore to the files, or altering his exceptions to it. Each party, indeed, has the right to except to rulings made against him at the trial and material to the verdict or judgment; and it sometimes happens that the rulings are unfavorable in part to the one party, and in part to the other, and are even, in practice, included in one bill of excep-

tions, by the disallowance or non-allowance or alteration of which both parties may be aggrieved. But when one party alone is aggrieved by the rulings at the trial, and alleges and presents exceptions thereto, the adverse party has no right to allege or present exceptions, and any draft of a bill of exceptions submitted by him to the judge, at the hearing on the allowance of the exceptions presented by the party aggrieved, is only by way of suggesting amendments of those exceptions, and is not itself a bill of exceptions, which the judge can be required to allow, or the truth of which can be established by petition to this court.

The petition of the defendants to establish the truth of state- ments contained, not in any exceptions alleged and presented by themselves, but in their draft of the exceptions of the plaintiff, must therefore be dismissed, and the

*Exceptions allowed stand for argument.*

The case was afterwards argued on the exceptions.

*S. W. Harmon & J. M. Browne*, for the plaintiff.

*J. T. Joslin & B. F. Briggs*, for the defendants.

LORD, J. It appears from the bill of exceptions that a notice proper in form had been issued by the proper magistrate before the notice upon which the debtor was discharged was issued. In order to entitle the debtor to a new notice within seven days from the issuing of the previous one, it is incumbent upon him to show affirmatively that there was defect either in form or in service of the previous notice. Gen. Sts. *c.* 124, § 14. *Safford* v. *Clark*, 105 Mass. 389. *Millett* v. *Lemon*, 113 Mass. 355. This he has failed to do. The second notice within seven days from the first was therefore inoperative, and the entry must be

*Exceptions sustained.*