STATE OF MAINE *vs.* STILLMAN G. THOMPSON.

York. Opinion February 20, 1888.

*Evidence. Handwriting. Standard of comparison. Practice.*

In this state, when the genuineness of handwriting is in question, it may be proved by comparison with other handwriting of the party sought to be charged, admitted or proved to be genuine.

Such writing is admissible in evidence, whether relative to the issue or not, as a standard, for the purpose of comparison with the handwriting in controversy, to determine whether the latter is or is not genuine.

Before such writing can be admitted and used as a standard of comparison, it must be proved or admitted to be the genuine handwriting of the party sought to be charged.

The question of its admissibility as a standard, is to be determined by the judge presiding at the trial.

So far as his decision is of a question of fact, it is final, if there is any proper evidence to support it.

Exceptions to its admission will not be sustained, unless it clearly appears that there was some erroneous application of the principles of law to the facts, or that the evidence was admitted without proper proof of the qualifications requisite for its competency.

Such standard may be compared by experts in the presence of the jury, and they may express an opinion as to the fact, whether the controverted writing is genuine, or not, founded upon such comparison.

ON exceptions.

The case and material facts are stated in the opinion.

*H. H. Burbank*, county attorney, for the state, cited : R. S., c. 77, § 51; *Burr* v. *Bucksport & B. R. Co.* 64 Maine, 131; *Dunn* v. *Kelley*, 69 Maine, 147; *Jackson* v. *Jones*, 38 Maine, 187; *Jones* v. *Roberts*, 65 Maine, 276; *Fayette* v. *Chesterville*, 77 Maine, 28; *Nunes* v. *Perry*, 113 Mass. 276; *Com.* v. *Coe*, 115 Mass. 504; *Walker* v. *Curtis*, 116 Mass. 98; *Com.* v. *Sturtivant*, 117 Mass. 137; *Blair* v. *Pelham*, 118 Mass. 421; *Costello* v. *Crowell*, 133 Mass. 352; *Same* v. *Same*, 139 Mass. 590; *Copeland* v. *Wadleigh*, 7 Maine, 141; *Pike* v. *Warren*, 15 Maine, 390; *Osgood* v. *Lansil*, 33 Maine, 360; *Woodman* v. *Chesley*, 39 Maine, 45; *Com.* v. *Hayes*, 138 Mass. 185; *Hammond's Case*, 2 Maine, 33; *Page* v. *Homans*, 14 Maine,

.478 ; *Hopkins* v. *Megquire*, 35 Maine, 78 ; *Woodman* v. *Dana*, :52 Maine, 11 ; Maine Constitution, Art. 1, § 4.; R. S., c. 129, § 5.

! *Hamilton and Haley*, for defendant.

.; We understand that the wise provision of the English Common .Law which has been adopted by a majority of the states in the Union, refusing to allow papers to be submitted to the jury to .be used as a standard to judge of the writing which is material to the issue, has been relaxed in Maine, Massachusetts and Con-.necticut, but we contend that the rule has not been relaxed as. far as contended for in this case. The rule, as it is settled in Massachusetts and Maine, is as laid down by Greenleaf on Ev.. Vol. 1, § 581.

In *Richardson* v. *Newcomb*, 21 Pick. 315, the court says that if the paper is proved to be the handwriting of the respondent it was competent evidence. And the great case of *Commonwealth* .v. *Eastman et als.* the rule is laid down thus : "Nothing but original signatures can be used as a standard of comparison by which to prove other signatures to be genuine." 1 Cush. 189..

The same doctrine is recognized in *Moody* v. *Rowell*, 17 Pick.. 490, where upon the question as found by the court, "whether it was competent in order to prove that a handwriting is genuine or fabricated and forged, to give in evidence another signature of the same person to a paper, and otherwise competent evidence in the cause, to enable the court and jury, by an examination and comparison of the genuine specimen with the controverted one,. to form an opinion whether the latter be genuine or not." The court said, "We consider the question entirely settled in this. commonwealth." *Homer* v. *Wallis*, 11 Mass. 309.

In *Hammond's Case*, 2 Greenl. 33, the court recognized the rule as adopted in Massachusetts, where it was said, "A witness. may testify that the signature in question is in the handwriting of the person attempted to be charged, from his acquaintance with such person's hand."

The doctrine of Hammond's case is recognized in *Page* v. *Homans*, 14 Maine, 478, and in *Sweetser* v. *Lowell*, 33 Maine, 446, where it is said, "where handwriting is subject of contro-

versy in judicial proceedings, witnesses who by study, occupation and habit, have been skillful in making and distinguishing the characteristics of handwriting, are allowed to compare that in question with other writings, which are admitted or fully proved to have come from the party, and to give opinions formed upon such comparison." Citing the Hammond case and *Richardson v. Newcomb*, 21 Pick. 315.

But in my researches I have not been able to find any authority which allows the rule to be so perverted as to allow experts in a judicial proceeding to compare the disputed writings with other disputed writings and give an opinion based upon such comparison, as was done in this case. In *Woodman* v. *Dana*, 52 Maine, 9, *Sweetser* v. *Lowell* was reaffirmed, the court saying, "Specimens of handwriting not otherwise pertinent to the issue, but admitted or proved to be genuine, may be introduced before the court and jury, as a standard for examination and comparison."

As said by Greenleaf in the quotation from his work, "only papers conceded to be genuine are admissible as standards." In *Richardson* v. *Newcomb*, 21 Pick. 315, "nor can a paper proposed to be used as a standard be proved to be the original and genuine signatures merely by the opinion of a witness that it is so, such opinion being derived solely from his general knowledge of the handwriting of the person whose signature it purports to be."

In *Homer* v. *Wallis*, 11 Mass. 309, "the genuineness of the standard offered for comparison, the proof must be direct to the fact of its having been written by the party, by one who see him write it." In *Sweetser* v. *Lowell*, 33 Maine, 446, says, "The standard must be fully proved or admitted." *Woodman* v. *Dana*, 52 Maine, 9, says, "Specimen of writings admitted or fully proved may be used as a standard."

FOSTER, J. The defendant was tried upon an indictment for libel. In the trial of the case the government offered certain writings as being in the handwriting of the defendant, for the purpose of being used as a standard of comparison. Two witnesses, claiming to have seen the defendant write, and to be

acquainted with his handwriting, were introduced and testified that the writings thus offered were in the handwriting of the defendant. Thereupon the court admitted them for the purpose for which they were offered, against the defendant's objection. Afterwards, during the trial, expert testimony was introduced by the government and these writings were used by them as a standard of comparison, to which the defendant also objected. To the ruling and decision of the court admitting the writings as a standard of comparison, and their use by experts, the defendant excepted. It is in relation to the correctness of those rulings only that any question is raised by the bill of exceptions.

The principles governing this case seem to be pretty thoroughly settled by the decisions of the court in this and other states.

The question came before the court in Massachusetts, in *Commonwealth* v. *Coe*, 115 Mass. 504, where it was held that before a writing can be used as a standard of comparison of handwriting, it must be proved that the specimen offered as a standard is the genuine handwriting of the party sought to be charged, and that the question of its admissibility as a standard is to be determined by the judge presiding at the trial, and so far as his decision is of a question of fact merely, it is final, if there is any proper evidence to support it; and that exceptions to its admission as a standard will not be sustained unless it clearly appears that there was some erroneous application of the principles of law to the facts of the case, or that the evidence was admitted without proper proof of the qualifications requisite for its competency.

The same question has very recently been before the court in Vermont in the case of *Rowell* v. *Fuller's Estate*, 59 Vt. 688, (5 N. E. Rep. 217) where the court, reviewing the decisions there, says that the question has not before been authoritatively decided in that state, and lays down this rule: That when a writing is disputed and another is offered in proof as a standard, the court should first find as a fact that the latter is genuine, and then submit it to the jury in comparison with that in controversy.

The doctrine as enunciated in *Commonwealth* v. *Coe, supra,* which is the same as that so recently settled in Vermont, has since been reaffirmed in *Costello* v. *Crowell*, 133 Mass. 352, and again in *Costello* v. *Crowell*, 139 Mass. 590.

The rule in England is now the same as in Massachusetts and Vermont. For centuries, however, it was otherwise, and the English courts denied the admissibility of such testimony altogether, until 1854, when parliament, by 17 and 18 Victoria, c. 125, passed what is known as "The Common Law Procedure Act," which provides that "comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine, shall be permitted to be made by witnesses; and such writings, and the evidence of witnesses respecting the same, may be submitted to the court and jury as evidence of the genuineness, or otherwise, of the writing in dispute." Under this rule, when any writing is proved to be genuine to the satisfaction of the presiding judge, it shall be admitted as a standard of comparison. By the English rule under this statute the jury need not consider or inquire into the genuineness of the writing introduced for the purpose of comparison, as the statute obviates the necessity of any such inquiry and makes the finding of the judge conclusive on that point.

In the light of the authorities, and the decisions in those jurisdictions where the same rule prevails as in this state in relation to proof of handwriting by comparison, we believe the rule adopted by them, upon the question by whom the genuineness of the standard is to be determined, to be the more correct and satisfactory one.

Notwithstanding that, however, there are courts of high standing, and for whose decisions we have great respect, which have adopted a different rule, and which hold that the jury should ultimately pass upon the question. Such is the rule in New Hampshire, where, as it is well understood, the doctrine of proof of handwriting by comparison has always clung more tenaciously to the conservative English common law rule, than ever appeared satisfactory to the courts of Maine, Massachusetts, Connecticut, Vermont and some of the other states.

In *State* v. *Hastings*, 53 N. H. 461, SARGENT, C. J., speaking of the introduction of evidence to prove the genuineness of the handwriting offered as a standard, says : " It is to be received, and then the jury are to be instructed that they are first to find, upon all the evidence bearing upon that point, the fact whether the writing introduced for the purpose of comparison, or sought to be used for that purpose, is genuine.   If they find it is not so, then they are to lay this writing and all the evidence based upon it entirely out of the case ; but if they find it genuine, they are to receive the writing and all the evidence founded upon it, and may then institute comparisons themselves between the paper thus used and the one in dispute, and settle the final and main question whether the signature in dispute is or is not genuine."

In *Costello* v. *Crowell*, 139 Mass. 590, it was said that unless the decision of the judge in admitting the specimens as standards is founded upon error of law, or upon evidence which is, as matter of law, insufficient to justify the finding, the full court will not revise it upon exceptions.   The same principle is laid down in *Nunes* v. *Perry*, 113 Mass. 276, and cases there cited.

In the case before us the testimony in proof of the genuineness of the standard, came from witnesses who, if they are to be entitled to credit, were qualified to testify in relation to the genuineness of the defendant's handwriting.   It was in accordance with the well settled doctrine of this state as laid down in *Woodman* v. *Dana*, 52 Maine, 13, where the court in an exhaustive and carefully considered opinion by RICE, J., reviewed the authorities, and stated as a principle well established that the handwriting of a person may be proved by any person who has acquired a knowledge of it, as by having seen him write, from having carried on a correspondence with him, or, as was decided in *Hammond's Case*, 2 Maine, 32, from an acquaintance gained from having seen handwriting acknowledged or proved to be his.   *Page* v. *Homans*, 14 Maine, 481 ; 1 Greenl. Ev. § 577 ; Wharton on Ev. § § 707, 709.

The New Hampshire court, in the case to which we have referred, speaking of what proof is necessary in establishing the genuineness of the standard, say that any competent evidence

tending to prove that the paper offered as a standard of comparison is genuine, is to be received, whether the evidence be in the nature of an admission, or the opinion of a witness who knows his handwriting, or of any other kind whatever.

And in Vermont, in the case of *Rowell* v. *Fuller's Estate*, already cited, it was insisted in argument that the evidence was legally insufficient to warrant the court in admitting the standard in evidence as genuine; but the court say, that while great care should be taken that the standard of comparison should be genuine, yet any evidence pertinent to the issue is admissible.

In the case under consideration there was the testimony of two witnesses who stated their knowledge of the handwriting of the specimens offered, and that the handwriting was that of the defendant. It was upon this evidence that the court admitted the same as a standard of comparison, and for no other purpose as stated by the court, and as the exceptions themselves show. The decision of the judge presiding was based upon certain elements of fact, as to whether the specimens of writing were sufficiently proved to have been written by the defendant to allow them to be introduced and submitted to the jury as a standard. That fact he determined by admitting them in evidence and allowing them to be submitted to the jury for that purpose after the testimony of the witnesses for the government as to their genuineness. His decision must be final and conclusive, " unless it is made clearly to appear that it was based upon some erroneous view of legal principles, or that the ruling was not justified by the state of the evidence as presented to the judge at the time." *Nunes* v. *Perry*, 113 Mass. 276 ; *Jones* v. *Roberts*, 65 Maine, 276 ; *Commonwealth* v. *Coe*, 115 Mass. 505.

The same principle applies as in determining whether or not a witness introduced as an expert is competent by his study, business, or other qualification to testify. This is a preliminary question for the court. An element of fact is involved to be decided by the court upon which the capacity to testify depends. Upon that question the decision of the judge, like all decisions of a similar character, is and must be, for obvious reasons, final and conclusive, unless upon a report of all the evidence bearing

upon the question it is shown to be without foundation, or is based upon some erroneous application of legal principles. *Commonwealth* v. *Sturtivant,* 117 Mass. 137 ; *Fayette* v. *Chesterville,* 77 Maine, 33. The judge presiding is to hear and consider this preliminary evidence and to decide whether it is credible or not, and his decision as to its credibility, like that of a jury upon questions of that kind, is conclusive. *Foster* v. *Mackay,* 7 Met. 538.

The evidence upon which the decision of the court was based in admitting the several writings for the purpose offered is before us, and form a part of this bill of exceptions. This evidence, as in all cases where the discretion and judgment of the court is brought into requisition, involves so much of the element of fact that great consideration must necessarily be given to the decision of the presiding judge. We do not feel authorized from an examination of it to say that he was not warranted in admitting the writings offered, and for the purpose claimed ; nor do we feel that there was any such error in the decision to which he arrived in admitting them as to call for any revision by this court upon exceptions. *Commonwealth* v. *Morrell,* 99 Mass. 542 ; *O'Connor* v. *Hallinan,* 103 Mass. 549 ; *Clapp* v. *Balch,* 3 Maine, 219.

Notwithstanding the common law rule in England and in several of the states does not allow the proof of handwriting by comparison of hands as liberally as in Maine, Massachusetts and Connecticut, (*Moore* v. *United States,* 91 U. S. 273) yet it has always been the practice in these states to introduce other writings, admitted or proved to be genuine, whether relative to the issue or not, for the purpose of comparison of the handwriting. The object is to enable the court and jury, by an examination and comparison of the standard with the writing in controversy, to determine whether the latter is or is not genuine. *Hammond's Case,* 2 Maine, 35 ; *Chandler* v. *LeBaron,* 45 Maine, 536 ; *Woodman* v. *Dana,* 52 Maine, 13 ; *Homer* v. *Wallis,* 11 Mass. 309 ; *Moody* v. *Rowell,* 17 Pick. 490 ; *Richardson* v. *Newcomb,* 21 Pick. 315 ; *Lyon* v. *Lyman,* 9 Conn. 55.

"For this purpose," observes the court in *Woodman* v. *Dana,*

*supra*, "the specimens of handwriting, not otherwise pertinent to the issue, but admitted or proved to be genuine, may be introduced before the court and jury, as a standard for comparison by which to test the genuineness of the writing in controversy, and for this purpose such standard specimens may be compared by *experts* in the presence of the jury, and such experts are permitted to express an opinion as to the fact whether the controverted paper be genuine or not, founded upon such comparison."

The exceptions present no objections in relation to the use of the writings admitted by the court as standards, by experts, which are not fully authorized by the foregoing decision of our own court and the authorities generally. Wharton on Ev. § 719, and cases cited.

No exceptions were taken to the charge of the presiding judge, and as the only questions open for consideration before this court are those presented in the bill of exceptions, (*Withee* v. *Brooks*, 65 Maine, 14) it becomes unnecessary to enter upon the consideration of the other questions urged by the learned counsel for the defendant.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.