## MISSISSIPPI LUMBER & COAL CO. v. KELLY.

1. In an action on a note, defendant having testified that what purported to be his signature to the answer in the cause was his genuine signature, it was admissible for the purpose of comparison with the signature to the note.

2. In an action on a note it was proper to exclude, for the purpose of comparison with the signature to the note, the indorsements on checks payable to the maker of the note, the only evidence as to the checks being that they were drawn by the witness who identified them in favor of the maker of the note, and returned from the bank with what purported to be the signature of the maker.

3. Code Civ. Proc. Sec. 533, provides that a written instrument, acknowledged or witnessed, and duly recorded, and such record, or a certified copy, duly certified by the proper custodian, is admissible without further proof, and that the execution of witnessed instruments, except wills, may be proven in the same manner as the execution of unwitnessed instruments. Civ. Code, Sec. 976, provides that proof of the execution of an instrument, when not acknowledged, may be made by the party executing it, by a subscribing witness, or by other witnesses, as declared in section 978;

19 S. D.—37

and by that section the execution of an instrument may be established by proof of the handwriting of the party and of a subscribing witness, if there is one, when the parties and all the subscribing witnesses are dead, or nonresidents, or their residence unknown, or where the subscribing witness conceals himself, or refuses to testify.  Held, that such statutes refer to instruments which are to be recorded, and hence in an action on a note witnessed by two witnesses it was proper to admit other proof of the signature of defendant than the evidence of one of the subscribing witnesses, though he was not called, nor his deposition taken, nor his absence accounted for.

(Opinion filed July 6, 1905.)

Appeal from circuit court, Brown county; Hon. J. H. McCoy, Judge.

Action by the Mississippi Lumber & Coal Company against James Kelly.  From a judgment in favor of defendant, plaintiff appeals.  Reversed.

*I. O. Curtiss,* for appellant.

*Charles M. Stevens,* for respondent.

CORSON, P. J.  This was an action upon a promissory note, the signature and execution of which was denied by the defendant.  The verdict and judgment being in favor of the defendant, the plaintiff has appealed.

It appears from the record in the case that the note purported to have been witnessed by two persons, and on the trial the evidence of one witness, taken by deposition, was read before the jury, but no evidence was offered by the other witness, and no evidence was offered explaining his absence.  The appellant also, to prove the genuineness of the signature of the respondent, called the respondent as a witness, and interrogated him as to the genuineness of his purported signature

to the answer in the case, and he admitted that such purported signature was his genuine signature.   Thereupon plaintiff offered in evidence the answer, bearing the admitted signature of the defendant in the case, to be used as a standard of comparison with the disputed signature to the promissory note in controversy, to which offer the defendant, by his counsel, objected on the ground that the same was incompetent, not the best evidence, and irrelevent and immaterial; which objection was by the court sustained, and to this ruling of the court the appellant excepted, and it is now assigned as error.   The appellant then offered in evidence two certain checks purporting to be indorsed by the respondent, and that the note in controversy was, in the opinion of the indorsee, signed by the respondent, and that the signature thereto is his genuine signature.   This evidence was also excluded.   The defendant, to maintain his defense, being called as a witness on his own behalf, testified that he did not make, sign, or deliver the promissory note in controversy, and, the case being submitted to the jury, verdict was rendered in favor of the defendant.

It is contended by the appellant that the court erred in sustaining the respondent's objection to the offer of the plaintiff in evidence of the answer of the respondent filed in the case, bearing the admitted signature of the respondent, to be used as a standard for comparison with the disputed signature to the promissory note in controversy, and also the two checks. The only question therefore to be decided in this case is as to whether or not the court erred in excluding the evidence.   It will be noticed that the respondent admitted that the signature to the answer was his signature, and that any question, therefore, as to the genuineness of the signature to that document,

is eliminated from the case. The respondent insists that at common law no paper not properly admitted in the case as evidence could be used as a standard for the comparison of handwriting, and that, as the Code in this state has prescribed no rule of evidence upon this subject, the common-law rule prevails under the provisions of section 6 of the Civil Code, which provides, "In this state the common law is in force except where it conflicts with the Code or the Constitution," and hence that the answer and checks were inadmissible in evidence for the purpose offered. The authorities are not in harmony upon this question. At common law the rule adopted by the courts of England in early times was to exclude all papers offered for the purpose of constituting a standard for the comparison of handwriting. This rule was modified in this country by allowing papers introduced in evidence in the case for other purposes to be used as a standard of comparison. The rule is thus stated by the Supreme Court of the United States, speaking by Mr. Justice Bradley, in the case of Moore v. United States, 91 U. S. 279, 23 L. Ed. 346: "But the general rule of the common law, disallowing a comparison of handwriting as proof of signature, has exceptions equally as well settled as the rule itself. One of these exceptions is that, if a paper admitted to be in the handwriting of the party, or to have been subscribed by him, is in evidence for some other purpose in the cause, the signature or paper in question may be compared with it by the jury. It is not distinctly stated in this case that the writing used as a basis of comparison was admitted to be in the claimant's hand; but it was conceded by counsel that it was in fact the power of attorney given by him to his attorney in fact, by virtue of which he appeared and

presented the claim to the court. This certainly amounted to a declaration on his part that it was in his hand, and to pretend the contrary would operate as a fraud on the court. We think it brings the case within the rule, and that the Court of Claims had the right to make the comparison it did." In many states this rule has been further modified by holding that any writing containing the genuine signature, though otherwise incompetent, is admissible as a standard of comparison. This seems to have been the rule adopted by the Supreme court of Washington in the case of Moore v. Palmer, 14 Wash. 134, 44 Pac. 142; by the Supreme Court of Massachusetts in Moody v. Rowell, 17 Pick. 490, 28 Am. Dec. 317; by the Supreme Court of Maine in State v. Thompson, 80 Me. 194, 13 Atl. 892, 6 Am. St. Rep. 172; by the Supreme Court of Kansas in State v. Zimmerman, 47 Kan. 242, 27 Pac. 999; by the Supreme Court of Utah in Tucker v. Kellogg, 8 Utah, 11, 28 Pac. 871; and by the Supreme Court of Michigan in Dietz v. Fourth Nat. Bank, 69 Mich. 287, 37 N. W. 220. It may be also added that the English rule was changed by act of Parliament in 1854, under which writings, though not admissible as evidence for any other purpose in the case, are permitted to be introduced in evidence for the purpose of constituting a standard of comparison of handwriting when the signature to such writings is admitted or proved to the satisfaction of the court. In State v. Coleman (S. D.) 98 N. W. 175, this court quoted with approval the following from 15 Am. & Eng. Ency. Law (2d Ed.) 269: "The general tendency of the recent decisions is to a relaxation of the earlier rule prevailing in some jurisdictions, under which such evidence was excluded absolutely, and the admissions of irrevelant papers for the purpose of

comparison in accordance with the rule just stated." And this view of the author of the article above quoted is quite well sustained by the authorities, although there appears to be a conflict in the same. It will thus be seen that the common-law rule has been modified in this country, and that a writing admitted or proved to contain the genuine writing or signature of the party may be admitted for the purpose of being used as a standard of comparison, although not admissible for any other purpose in the case. Of course, in the admission of such a paper for the purpose of comparison, and not properly in evidence in the case for other purposes, the court should be exceedingly careful not to allow any writing to go to the jury which might possibly influence them in the case on trial before them, and where there is any matter in the writing that might have such an effect the paper should be excluded. We are therefore inclined to take the view that the answer in this case should have been admitted in evidence for the purpose for which it was offered, and its exclusion was error.

The only evidence as to the checks was that they were drawn by the witness in favor of the respondent, and were subsequently returned to him with the signature of the respondent, purporting to be his, indorsed thereon. That he had never seen the respondent write, and had no knowledge of his signature other than the fact that his name purported to be indorsed upon the checks when returned to him from the bank. In the view we take of these checks, there was not sufficient proof of the genuineness of the respondent's signature thereon to warrant the court in admitting the checks in evidence as standards of comparison, and that the court was therefore right in excluding them.

It is contended by the respondent that the judgment of the court is right, and must be sustained, for the reason that one subscribing witness to the note was neither called as a witness in the case, his deposition taken, or his absence from court accounted for in any manner, and that before there could be any other proof as to the signature of the defendant said subscribing witness should have been called or his absence accounted for. This contention is, we think, untenable, under the provisions of section 533 of our Code of Civil Procedure, which in its last clause provides: "The execution of witnessed instruments, except wills, may be proven in the same manner as the execution of unwitnessed instruments." It will be observed that this section very materially modifies the common law rule. In this state promissory notes are not required to be witnessed, and while, perhaps, it would be more satisfactory, when a note is witnessed by one or more parties as subscribing witnesses, to have them called and examined in court whenever the question of the execution of the note is involved, or their absence accounted for, yet, under the provisions of the Code just quoted, it would seem that a party seeking to enforce an instrument is not absolutely required to produce the subscribing witnesses, and that the execution of the note may be proved in the same manner that it might be proved where there are no subscribing witnesses thereto.

It is further contended by respondent that the method of proving the execution of instruments in this state is prescribed by chapter 4, Civ. Code, embracing sections 961 to 979, inclusive, but more particularly sections 976 and 978. Section 976 provides: "Proof of the execution of an instrument, when not acknowledged, may be made either: (1) By the party execut-

ing it, or either of them; or (2) by a subscribing witness; or (3) by other witnesses, in cases mentioned in sections 978 and 979." Section 988 provides: "The execution of an instrument may be established by proof of the handwriting of the party and of a subscribing witness, if there is one, in the following cases." The provisions of that chapter apply to instruments which parties desire to have recorded, and do not, it seems to us, apply to the case at bar. It is true the learned Supreme Court of North Dakota seems to have taken a somewhat different view of these provisions of the Code, but this view by that court does not meet with our approval. It seems to us that the provisions applicable to the proof required to entitle instruments to be recorded are not applicable to the case at bar, where no question of recording is involved. This view, we think, is made quite clear by section 533 of the Code of Civil Procedure above referred to, which provides: "Every instrument in writing which is acknowledged or witnessed and duly recorded or duly filed for record, and such record, or a certified copy of such record, or a certified copy of such filed instrument duly certified by the proper custodian of the record or instrument is admissible in evidence without further proof." Then follows the clause we have quoted above. Construing the provisions of the recording act in connection with the sections of the Code of Civil Procedure last quoted, it is quite clear that the proof required for the purpose of establishing the execution of instruments in order that they may be recorded can have no application to instruments not required to be recorded.

These views lead to a reversal of the judgment and order denying a new trial, and the same are reversed.