**MARSINO v. HIGGINS.** *

(District Court, D. Massachusetts. May 16, 1924.)

No. 2655.

1. Convicts ⚖➔2—Attorney General of United States held authorized to consent that one of United States convicts be taken into state court for trial.

Attorney General of United States *held* authorized to give consent of United States that one of its convicts be taken into state court for trial there, where convict's rights would be carefully and justly preserved in state court.

2. Convicts ⚖➔2—Production of convict of United States in court for trial wholly a matter for United States, through its Attorney General, to determine.

Whether convict of United States should be produced in state court for trial there, and way in which application to Attorney General by state authority should be made, is wholly a matter for United States, through its Attorney General, to determine.

*Judgment affirmed 46 S. Ct. 206, 70 L. Ed. ——.

3. Convicts ⬦⟹2—United States Attorney General's discretion to permit federal prisoner to be tried in state court must be fairly exercised.

Discretion of Attorney General of United States to permit a federal prisoner to be tried in a state court must be fairly exercised, and prisoner must not be unfairly treated.

4. Habeas corpus ⬦⟹85(1)—United States Attorney General presumed to have assured himself that federal convict will not be treated unjustly in state court.

Where Attorney General of United States consents to trial of federal convict in a state court, it is to be presumed on habeas corpus that Attorney General has assured himself that convict will not be made victim of injustice before assenting to state's request.

Habeas Corpus petition by Joseph B. Marsino against James Higgins. Petition dismissed.

Asa P. French, Daniel A. Shea, and Leo A. Rogers, all of Boston, Mass., and William H. Fay, of Peabody, Mass., for petitioner.

Robert O. Harris, U. S. Atty., and J. V. Sullivan, Asst. U. S. Atty., both of Boston, Mass., and Charles B. Rugg, Asst. Dist. Atty., of Worcester, Mass., for respondent.

MORTON, District Judge. This is a habeas corpus proceeding, which was heard upon the petition for the writ and the answers thereto. The essential facts are simple and are not in dispute, although the relevancy of some of them is not agreed to by the respondent.

Marsino was convicted, and on November 14, 1923, was sentenced, in this court to imprisonment in the federal penitentiary at Atlanta, Ga., for the term of four years and nine months. A mittimus was duly issued. That sentence is still in force, and Marsino is in the custody of the warden under it. He stands indicted in the state court of Massachusetts. An application was made, whether oral or written does not appear, by the prosecuting attorney of the state to the Attorney General of the United States for the production of Marsino before the state court, in order that he might be tried there upon the indictment pending against him. Marsino had no notice of this application and was not advised of it. A telegram was sent to the warden, in the name of the Attorney General, by direction of Assistant Attorney General Davis, authorizing the warden to produce Marsino in the state court at Worcester, Mass., for trial on May 12th, provided that a habeas corpus for him should be issued by the state court and that the state should undertake to pay all expenses in connection with the matter. I see no reason to doubt that this telegram was authorized by the Attorney General. The required guaranty as to expenses was given, and the warden thereupon sent Marsino to Massachusetts in the custody of one of his subordinates, the present respondent. A writ of habeas corpus ad respondendum has been issued by the state court for the presence of Marsino in the state court at Worcester on the date specified, and has been served within this district upon Higgins, the federal officer in whose custody Marsino now is. Higgins intends to obey the writ, and to have Marsino before the state court as therein ordered, and to permit Marsino to be tried in the state court. He then intends to take him back to Atlanta to finish his sentence there.

[1-4] I have examined the record in Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879, and in my opinion the present case is covered by that decision. Whether Marsino shall be produced in the state court or not is wholly a matter for the United States, through its Attorney General, to determine. Marsino has nothing to say about it. It is also for the Attorney General to determine the way in which the application to him by the state authorities shall be made. Of course, a prisoner must not be unfairly treated; the Attorney General's discretion must be fairly exercised. A prisoner under sentence in an institution remote from the place of trial is pretty helpless and might easily be made the victim of injustice. It is to be presumed that the Attorney General has assured himself upon this aspect of the matter before assenting to the state's request. In the present case Marsino has counsel of unusual ability and distinction. There is not the slightest reason to believe that his rights will not be carefully and justly preserved in the state court.

Petition dismissed.