THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
HERBERT W. PETERS, Appellant.

Third Department, April 10, 1962.

*John D. Allardice* for appellant.

*David A. Hendler, District Attorney,* for respondent.

HERLIHY, J. The present record shows that when the matter was remitted to the Columbia County Court, pursuant to our order, the defendant was represented by counsel and the changes requested on behalf of the defendant were made *in toto* and without opposition by the District Attorney. It should be further noted that the changes are in no way pertinent to the two issues presently raised on this appeal: First, the defendant

contends he was not accorded a speedy trial; second, the defendant contends the confession of a codefendant is not competent against the other defendant.

This court having vacated its original order of affirmance, the issues now raised on this appeal must be considered *de novo*.

We concern ourselves with the second point and find no merit to it. The codefendant in this case was not called by the People but rather by the defendant, and the confession complained of was used against the said codefendant as bearing upon his credibility. We adhere to our original decision as to this point and accordingly rule against the defendant. (See *People* v. *Peters*, 286 App. Div. 924.)

As to the contention of the defendant that he was not accorded a speedy trial, it was not mentioned in the decision of this court on the first appeal. The facts relevant to this issue were set forth in detail in a decision by the Columbia County Court which denied a motion made by defendant to dismiss the indictment because of failure to grant him a speedy trial. (See *People* v. *Peters*, 198 Misc. 956.) It is there stated that the defendant was indicted in September of 1947 at which time he was confined to a criminal institution in the State of Massachusetts and the District Attorney, pursuant to the practice prevalent at that time, filed a bench warrant with the proper authorities. Upon completion of this sentence, the defendant, because of priority of warrants, was turned over to Federal authorities and he continued to be incarcerated until July 3, 1950. It should be further noted that the District Attorney filed a bench warrant with the Federal authorities upon being informed of the defendant's transfer. It further appears that from time to time during the incarceration of the defendant he wrote to the District Attorney's office requesting that he be brought to trial and as previously noted, he made a formal motion for a dismissal, which was decided on January 4, 1951. He was brought to trial on April 23, 1951 and found guilty of robbery in the first degree on April 24, 1951 and was thereafter sentenced. He relies upon two cases which have been decided subsequent to the order denying his motion in 1951.

In *People* v. *Prosser* (309 N. Y. 353 [1955]), a series of indictments were returned against a defendant, to some of which he pleaded guilty. Some six years later he was brought to trial on the open indictments and the court held, under such circumstances, the judgment of conviction should be reversed and the indictments dismissed. The law therein is not applicable to the facts herein.

In *People* v. *Piscitello* (7 N Y 2d 387 [1960]), the defendant was indicted in February of 1955 but not arraigned until July, 1956, the delay being due to the fact that during such interim he had been confined to Federal Detention Headquarters in New York City. The only distinction between that case and the present case is that the defendant was confined to a Federal institution within the State of New York while this defendant was confined to a Federal institution without the State of New York, but such is not a controlling element; at least when there has been no showing of any effort to accomplish defendant's transfer to this jurisdiction pursuant to the Federal statute. (U. S. Code, tit. 18, § 4085.) The court said (p. 389): "When the motion to dismiss for undue delay was made, even though subsequent in point of time to motions addressed to the indictment, it should have been granted, absent any showing of good cause to the contrary by the prosecutor (Code Crim. Pro., § 668). Here there was no such showing. The fact that defendant, who had been taken into custody January 18, 1955, a date prior to the indictment, was being held in the Federal detention headquarters, New York County, awaiting disposition of certain Federal charges, affords neither explanation nor excuse, since he could have been produced in the State court upon request, provided only that he was returned to Federal custody (U. S. Code, tit. 18, § 4085)."

The Court of Appeals has reiterated the necessity of a speedy trial in a criminal case. (*People* v. *Wilson,* 8 N Y 2d 391; *People ex rel. Harty* v. *Fay,* 10 N Y 2d 374, 379.)

Whether the Federal prison was within the State of New York is of no import. In *Zerbst* v. *Kidwell* (92 F. 2d 756, revd. on other grounds 304 U. S. 359) the appeal court, when referring to the type of Federal institution, said (p. 758): "The various prisons are but units of a single system under the control of the Attorney General and he is authorized to transfer any prisoner from one institution to another for any reason sufficient to himself."

To facilitate the transfer of a prisoner from the New York City courts to a United States District Court in California, where he was under bond, the United States Supreme Court approved the use of a writ of habeas corpus *ad prosequendum.* (*Carbo* v. *United States,* 364 U. S. 611.)

Section 668 of the Code of Criminal Procedure reads: "When a person indicted is not brought to trial at the next term thereafter. If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable,

after it is found the court *may,* on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown.'' (Emphasis supplied.)

In this section, the use of the word '' *may* '' is, no doubt, due to the variance in the conduct of criminal courts in this State. The large counties have such courts in almost constant session while smaller counties have as few as two terms of criminal court per year. What might be reasonable delay in one county conceivably would not be good cause for delay in another county.

It may be, as the dissenting opinion points out, that a request for the transfer of the defendant to New York would not have been honored or that even if it had been made and approved, the administrative processes required might have consumed a substantial portion of the year that the defendant was in the Federal institution. The difficulty in this case is that the prosecutor did not demonstrate either situation, and under section 668 of the Code of Criminal Procedure it is encumbent upon him to explain his failure to act, since dismissal upon the application of the defendant may be granted '' unless good cause to the contrary be shown ''. The District Attorney, when he filed a bench warrant, signified that he was ready and willing to return the defendant to the jurisdiction, or to have him returned there, so as to proceed to trial. His failure to make any effort to accomplish that purpose, the defendant having made repeated requests to be brought to trial, remains unexplained. The section requires affirmative action by the District Attorney. Whether he is successful in returning the defendant to the jurisdiction to stand trial is not controlling.

The Court of Appeals, as to the duty of the prosecuting officer, has said: '' The actual result of the present decision, therefore, is merely to impose upon the officers, charged with enforcing the law and who secured the indictment, the quite reasonable, far from burdensome, duty of noticing it for trial.'' (*People* v. *Prosser,* 309 N. Y. 353, 361.)

The defendant, by seeking a trial, protected his rights in every conceivable manner and he is entitled to the protection of the statute.

John D. Allardice, Esq., was assigned by this court to act as counsel in behalf of the defendant and we commend his able and conscientious presentation of the appeal.

Judgment of conviction should be reversed, the indictment dismissed and the defendant discharged.

BERGAN, P. J. (dissenting). Defendant when indicted in New York in September, 1947 was serving a penal sentence of from

three to five years in the Commonwealth of Massachusetts. It is not suggested that the District Attorney had any effective means of transferring him to Columbia County, New York, for trial while that sentence was being served.

The provisions of section 669-b of the Code of Criminal Procedure for entering into the interstate agreement on detainers had not then been enacted (1957). No specific reciprocal rights between States arose from the provisions of section 832 of the code under which the Governor might agree with the Governor of another State to have transported here a prisoner in the other State.

A bench warrant was filed with the Massachusetts authorities by the Columbia County District Attorney with a request he be notified before defendant's release from custody. But there was then outstanding with the Massachusetts sentencing court a bench warrant from the United States District Court; and upon termination of the Massachusetts imprisonment this warrant, rather than the New York warrant, was recognized; and the defendant was turned over to Federal authorities where he was committed to a Federal prison in Connecticut on a sentence of one year and a day.

The motion to dismiss the indictment for nonprosecution was made October 30, 1950. Defendant was taken into Federal custody in September, 1949. During two of the three years elapsing between the September, 1947 indictment and this motion, he was in Massachusetts custody.

In *People* v. *Piscitello* (7 N Y 2d 387) it was held that the detention by the United States of a prisoner awaiting trial was not a ground for delaying a State trial, since under section 4085 of title 18 of the United States Code '' he could have been produced in the State court upon request '' (p. 389).

There the prisoner had been detained in Federal custody in the same county in which the State prosecution was being maintained; and although it is clear that the Attorney General of the United States has power to transfer convicted Federal prisoners held in Federal penal institutions in other States to State courts for trial under section 4085 of title 18 of the United States Code, he is required to examine on the merits the circumstances of each application made by a Governor of a requesting State and decide whether or not it is, as the statute provides '' in the public interest to do so ''.

There can be no doubt that such a statute as this mandates the Attorney General to examine the facts, to weigh the competing interests, and to make an informed decision. He would have to decide in this case whether, the prisoner having just

been taken into Federal custody in Massachusetts, notwithstanding a New York warrant, it would be advisable to interrupt a short Federal sentence to take the prisoner to New York to face a new trial which might well take the prisoner out of Federal custody for a substantial part or perhaps all of the Federal penal sentence; or, alternatively, to wait until the short Federal sentence had been served and then deliver him to the State.

The taking of the defendant to Connecticut while the New York warrant waited could be deemed prima facie as expressing a view of Federal authorities that the Federal penal requirements be met first.

Since section 4085 seems to be a codification of a power to transfer Federal prisoners to State courts for prosecution, which was always recognized by the United States courts (*Ponzi* v. *Fessenden,* 258 U. S. 254), it is important to examine what the Attorney General must consider in reaching a determination on a transfer that " it is in the public interest to do so ".

He may, in the interests of comity between the Federal and State governments transfer prisoners in his custody to a State, in the words of Chief Justice TAFT " provided it does not prevent enforcement of the sentence of the federal courts or endanger the prisoner " (*Ponzi* v. *Fessenden, supra,* p. 263; *Logan* v. *United States,* 144 U. S. 263).

The court in *Marsino* v. *Higgins* (10 F. 2d 534, 535, affd. 270 U. S. 627) noted that " the Attorney General's discretion must be fairly exercised " and the prisoner duly protected, especially where he is in an institution " remote from the place of trial ", and " [i]t is to be presumed that the Attorney General has assured himself upon this aspect of the matter before assenting to the state's request ". (See, also, *United States ex rel. Buchalter* v. *Warden of Sing Sing Prison,* 141 F. 2d 259, cert. denied 321 U. S. 780.) It is not clear, therefore, that the application to remove defendant to State custody would in this case have been granted.

In any event the administrative process, and especially the careful examination required to reach an advised decision inevitably would have taken some time to go through. The portion of the year served in the Federal institution which this administrative process might have occupied before it could have been possible to get jurisdiction of the defendant could have been large enough in our opinion to render it unnecessary to find there was undue delay in the trial.

A showing by a District Attorney that he activated a request by the Governor to the Attorney General is not the only defense

that may be made by him to a motion to dismiss. He may well argue that the time differential between this process, if successful, and the completion of a short Federal prison term would have no significant bearing on the promptness of the trial. And the People are entitled to whatever inferences in support of this argument are deducible from this record.

The rule is that whether there has been undue delay depends '' upon the circumstances of each particular case '' (*People* v. *Hall,* 51 App. Div. 57, 62), language quoted in *People* v. *Prosser* (309 N. Y. 353, 360), where it was noted by analogy that the '' inquiry in each case is factual ''.

The judgment should be affirmed.

GIBSON and TAYLOR, JJ., concur with HERLIHY, J.; BERGAN, P. J., dissents and votes to affirm in opinion, in which REYNOLDS, J., concurs.

Judgment of conviction reversed, on the law and the facts, indictment dismissed and defendant discharged.