[Crim. No. 3019.   First Dist., Div. Two.   Sept. 15, 1954.]

THE PEOPLE, Respondent, v. FORREST SILVA TUCKER, Appellant.

Edward M. Mannon, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

NOURSE, P. J.—While appellant was serving a sentence in the federal penitentiary at Alcatraz he was tried in the Alameda Superior Court on four counts of first degree robbery. He was found to have served two prior felony sentences. Following his conviction on all four counts, he was adjudged an habitual criminal on all four counts, sentenced to life imprisonment, and the trial court ordered that these sentences should run consecutively. His appeal rests solely on the ground that these sentences should be concurrent, and concurrent with any other sentence, federal or state, theretofore imposed. No question as to the conduct of the trial or as to the sufficiency of the evidence is raised.

The appeal is presented by counsel assigned by this court and he has done well.

Section 669 of the Penal Code provides that where one is convicted of two or more crimes in the same proceeding, the punishment for which is life imprisonment, the terms on the other convictions "shall be merged and run concurrently with such life term."

Under section 644, subdivision (a), of the Penal Code appellant was properly found to be an habitual criminal and, as such, punishable by "imprisonment for life." However, there is no inconsistency between the latter section and section 669 which provides that the "terms of imprisonment" shall run concurrently. This applies, of course, only to the state sentences. The crime for which he was convicted in the federal court and the term of the federal sentence does not appear. Since no issue was made, we cannot consider that sentence in this proceeding.

Having been convicted on the four charges of robbery and adjudged an habitual criminal under section 644 of the Penal Code, the status of the appellant at the time of sentence herein was that of one "convicted of two or more crimes" the punishment for which "is expressly prescribed to be life imprisonment" under the terms of section 669. Therefore, the terms of imprisonment should be "merged and run concurrently with such life term."

There is no need of a reversal of the judgment or of further proceedings in the superior court. It is sufficient that this court modify the terms of the several sentences to declare that such sentences should run concurrently.

As so modified the judgment is affirmed. The order denying a new trial is affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied September 30, 1954.