390 P.2d 846

**The STATE of Arizona, Appellee,**

**v.**

**Edward R. HEISLER, Appellant.**

**No. 7896.**

Supreme Court of Arizona,

En Banc.

March 25, 1964.

Robert Pickrell, Atty. Gen., and Norman E. Green, County Atty. of Pima County, by John R. Neubauer, Deputy County Atty., for appellee.

Edward R. Heisler, in forma pauperis.

BERNSTEIN, Justice.

Petitioner is an inmate of a federal penitentiary in the State of Washington. On May 10, 1962, he was notified that a detainer had been placed against him by the Sheriff's Department in Pima County, Arizona, charging him with passing two forged checks. On August 7, 1962, he filed a petition for a writ of habeas corpus ad prosequendum, and demanded a trial on the check charges. This writ was denied on December 18, 1962, and this appeal was taken.

■ The writ of habeas corpus ad prosequendum, sought by petitioner is a little used common law writ which issues when it is necessary to remove a prisoner in order to *prosecute* in the proper jurisdiction where the crime was committed. 3 Bl. Comm. 130. It is much more limited than the commonly used writ of habeas corpus, which is technically a writ of habeas corpus ad subjiciendum, under which the court may make any appropriate order, including one for the release of the prisoner. 3 Bl. Comm. 131.

It is petitioner's contention that the writ must be issued to preserve his right to a speedy trial, as guaranteed by Article II,

Section 24, of the Arizona Constitution, A.R.S. and the due process clause of the Fourteenth Amendment to the Federal Constitution. These issues were properly raised by the original petition before the Superior Court, and are now before this court for decision.

■ On principle the fact that petitioner is being detained by federal authorities would make it impossible for a state court to grant him the relief which he asks. In Ponzi v. Fessenden, 258 U.S. 254, 42 S. Ct. 309, 66 L.Ed. 607 (1922), the court considered the reverse of our situation. Massachusetts desired to try Ponzi, a federal prisoner, and the United States Attorney General had consented. But the court said:

" * * * Until the end of his term and his discharge, no state court could assume control of his body without the consent of the United States." 258 U. S. at 261, 42 S.Ct. at 311, 66 L.Ed. 607.

Following the Ponzi case this court held habeas corpus will not be granted where the petitioner's state trial was delayed because he was held on federal charges, and that the proper procedure was to make a motion to dismiss the indictment or information. In re Douglas, 54 Ariz. 332, 95 P.2d 560 (1939). The burden of showing good cause for the delay is then upon the state. The court cited cases holding federal imprisonment was good cause for delay.

Congress established a procedure to handle the problem of the transfer of federal prisoners to state courts in 1940, by enacting 18 U.S.C. § 4085, which reads as follows:

"§ 4085. Transfer for state offense; expense

"(a) Whenever any federal prisoner has been indicted, informed against, or convicted of a felony in a court of record of any State or the District of Columbia, the Attorney General shall, if he finds it in the public interest to do so, upon the request of the Governor or the executive authority thereof, and upon the presentation of a certified copy of such indictment, information or judgment of conviction, cause such person, prior to his release, to be transferred to a penal or correctional institution within such State or District.

"If more than one such request is presented in respect to any prisoner, the Attorney General shall determine which request should receive preference.

"The expense of personnel and transportation incurred shall be chargeable to the appropriation for the 'Support of United States prisoners.'"

Prior to this statute the production of a convict of the United States in the state court for trial was after the state's request,

wholly a matter for the United States, through its Attorney General to determine, Marsino v. Higgins, 10 F.2d 534 (D.C.Mass. 1924), affd. Marsino v. United States, 270 U.S. 627, 46 S.Ct. 206, 70 L.Ed. 768 (1926). The statute has in no way lessened the Attorney General's discretionary power.

28 U.S.C. § 2241 confers power on federal judges to issue writs of habeas corpus in the case of federal prisoners generally, but it confers no powers on state courts. In Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961) the court held that a federal judge in California could issue a writ of habeas corpus ad prosequendum directed to a New York City prison official, but the converse is not true without the exercise of the discretion of the United States Attorney General.

■ We conclude that we are without power to issue this writ, both because petitioner is without the state and because he is a federal prisoner. Congress has determined that the transfer of federal prisoners should be handled by the executive department, by requiring a request by the Governor and approval of the United States Attorney General. Although this results in a delay in petitioner's state trial, the delay is for good cause, and petitioner has no remedy by habeas corpus. In re Douglas, supra.

■ There is a remedy to protect the right to a speedy trial as guaranteed by the

**356**

Arizona Constitution, Art. II, Sec. 24. The petitioner may make a motion to dismiss the indictment when he is brought to trial, on the ground that he has been denied the right to a speedy trial. Such a motion was granted in People v. Newcombe, 18 A.D.2d 1087, 239 N.Y.S.2d 378 (1963) where the defendant had made an unsuccessful effort to secure a writ of habeas corpus ad prosequendum while in the federal prison, and in People v. Piscitello, 7 N.Y.2d 387, 198 N.Y.S.2d 273, 165 N.E.2d 849 (1960) where the court said:

"  *  *  *  When the motion to dismiss for undue delay was made, even though subsequent in point of time to motions addressed to the indictment, it should have been granted, absent any showing of good cause to the contrary by the prosecutor (Code Cr.Proc., § 668). Here there was no such showing. The fact that defendant, who had been taken into custody January 18, 1955, a date prior to the indictment, was being held in the Federal detention headquarters, New York County, awaiting disposition of certain Federal charges, affords neither explanation nor excuse. since he could have been produced in the State court upon request, provided only that he was returned to Federal custody (U.S.Code, tit. 18, § 4085)."

There is no inconsistency between In re Douglas, supra, and the New York cases. Douglas was decided November 13, 1939.

The statute relied on by the New York court (18 U.S.C. § 4085) was passed on April 30, 1940. There is now an executive procedure established by Congress through which the states may give federal prisoners speedy trials on state charges, and the federal government even goes so far as to pay the expenses incurred in such a transfer.

The judgment of the Superior Court of Pima County is affirmed.

Writ denied.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concurring.