407 P.2d 64

**In the Matter of the Application for a Writ of Habeas Corpus, Robert H. PALMER, Petitioner,**

v.

**The STATE of Arizona and Maricopa County, Respondents.**

No. H–24.

Supreme Court of Arizona.

En Banc.

Nov. 3, 1965.

Rehearing Denied Dec. 14, 1965.

Robert H. Palmer, in pro. per.

Robert N. Axelrod, Phoenix, for petitioner, for the arraignment.

Darrell F. Smith, Atty. Gen., Robert K. Corbin, Maricopa County Atty., Clifford Wamacks, Deputy County Atty., for respondents.

Robert J. Corcoran, Phoenix, Counsel for Arizona Civil Liberties Union, appearing as amicus curiae, with permission of the court.

McFARLAND, Justice:

This is an original writ of habeas corpus brought before the Arizona Supreme Court. Robert H. Palmer, hereinafter referred to as petitioner, seeks dismissal of a criminal prosecution on two counts of robbery pending in the Superior Court, Maricopa County, Arizona.

Petitioner, on parole from the Arizona state prison, was arrested on January 7, 1963, in Phoenix, by agents of the Federal Bureau of Investigation as a fugitive from justice on a warrant issued in Albuquerque, New Mexico. While in custody of the federal authorities, petitioner was made available to the Phoenix Police Department for purposes of possible identification in "line-ups." He was identified in connection with two robberies that had occurred in Phoenix in late 1962. Petitioner was returned to New Mexico, and subsequently convicted and sentenced to eighteen months in the United States penitentiary at Leavenworth, Kansas. Prior to this conviction

a criminal complaint was filed January 23, 1963, in justice court, East Phoenix precinct, Maricopa County, Arizona, alleging two counts of robbery. An arrest warrant was issued on the complaint, and a detainer placed with the federal authorities. An additional detainer was placed with federal authorities in March 1963, based on revocation of petitioner's parole from the Arizona state prison.

Petitioner wrote to Arizona Supreme Court Justice Lorna E. Lockwood on May 20, 1963, from the federal penitentiary in Kansas, asking for information concerning the alleged crimes and for a speedy trial. Justice Lockwood referred the letter to the Maricopa county attorney on July 17, 1963, and so informed petitioner. The county attorney's office wrote petitioner August 15, 1963, informing him of the receipt of Justice Lockwood's letter, stating:

> "You stand charged in our county with the crime of Robbery (2 counts). A review of the file indicates that the offense was committed at gunpoint and approximately Four Thousand Dollars ($4,000.00) taken from the victim. We intend to prosecute this case and will exercise our detainer upon your release from present confinement."

Petitioner did not receive this letter, as he had been transferred to the Arizona state prison July 29, 1963, to allow serving of his federal sentence concurrently with the balance of sentence upon revocation of parole.

On July 8, 1963, while still in prison in Kansas, petitioner filed for a writ of habeas corpus ad prosequendum in Maricopa County superior court, requesting return to Arizona for trial on the pending criminal complaint, and filed a motion and affidavit in forma pauperis. These were denied August 16, 1963.

Shortly after arrival at the Arizona state prison, petitioner requested prison officials to contact the Maricopa County Attorney's office in reference to the pending charges. On August 1, 1963, Deputy County Attorney Robert Owens and Phoenix Police Department Detective Darwin Davis interviewed petitioner at the prison in Florence. No action was taken after this meeting. Davis informed petitioner of the specific charges and the names of the places robbed, but did not inform him of the dates of the robberies.

Petitioner filed a motion in superior court of Maricopa County to dismiss and quash the pending complaint on June 22, 1964, while still in Arizona prison, and asked that counsel be appointed to represent him at the hearing on the motion, or that argument be postponed until counsel was provided or petitioner could be present, or that he be brought before the court. These motions were denied July 3, 1964.

Petitioner filed the instant writ in this court July 10, 1964. He was released from prison August 4, 1964, after completion of the concurrent terms, whereupon he was

placed under arrest pursuant to the warrant issued under the complaint filed in January 1963. Petitioner was brought before a justice of the peace that same day. Counsel was appointed for petitioner, and, on September 10, 1964, he was held to answer. An information was filed October 5, 1964, and an arraignment followed where petitioner pled not guilty. Counsel for petitioner filed a motion to dismiss in superior court which was denied November 20, 1964. Petitioner is presently awaiting trial in the Maricopa County jail.

■ The main ground for issuance of the writ is deprivation of the fundamental right to a speedy trial because of failure of the State of Arizona and the County of Maricopa to prosecute actively or grant a preliminary hearing for eighteen months.[1] We have held the right to speedy trial attaches at the time the accused is held to answer. State v. Maldonado, 92 Ariz. 70, 373 P.2d 583.

■ Petitioner is in effect asking us to overrule our decision in Maldonado. We at this time re-affirm the Maldonado holding, and find that in the instant case where petitioner had not even been arrested at the time he seeks to invoke his right to speedy trial, there was no deprivation of this right.

■ Petitioner claims the superior court erred in failing to grant his motion for writ of habeas corpus ad prosequendum because though petitioner was a federal prisoner without the state at the time the writ was filed he was in fact in Arizona, incarcerated in the Arizona state prison at Florence, at the time of hearing on the writ. This court has had occasion to rule on the issuance of a writ of habeas corpus ad prosequendum where a petitioner was incarcerated in federal prison in another state. In State v. Heisler, 95 Ariz. 353, 390 P.2d 846, we held:

"* * * we are without power to issue this writ, both because petitioner is without the state and because he is a federal prisoner." 95 Ariz. at 355, 390 P.2d at 848.

In the instant case, petitioner never amended his writ to include an allegation of the

1. Art. 2, § 24, of the Arizona Constitution, A.R.S., provides:
"In criminal prosecutions, the accused shall have the right * * * to have a speedy public trial * * *"
This is implemented by Arizona Rule of Criminal Procedure 236, 17 A.R.S.:
"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action * * *"

change from federal prison in Kansas to the state prison in Arizona. The writ stated in part that it be "directed to the United States Department of Justice, presently maintaining custody and jurisdiction of the person of movant." The minute entry denying the motion for the writ stated petitioner's address to be U.S.P., Leavenworth, Kansas. This minute entry is dated August 16, 1963—over seventeen days after petitioner was transferred to this state. The record does not disclose that the court had notice of the change in the place of incarceration at the time it denied the motion. There was no error in denial of petitioner's motion. State v. Heisler, supra; State v. Kostura, 98 Ariz. 186, 403 P.2d 283; cf. State v. Sheriff of Pima County, 97 Ariz. 42, 396 P.2d 613.

 Petitioner next contends that he was deprived of a fundamental right to be informed of the charges against him. During the eighteen-month period between filing of the complaint and his release from the Arizona state prison, petitioner argues he did not know when the robberies were alleged to have been committed, who the victims were, or where the robberies allegedly took place. The Arizona constitution includes the following provision concerning the rights of an accused, Article 2:

" § 24. Rights of accused in criminal
 prosecutions

"Section 24. In criminal prosecutions, the accused shall have the right * *

to demand the nature and cause of the accusation against him, to have a copy thereof, * * * "

This provision has been interpreted as referring to the right of an accused with respect to an indictment or information. Hunter v. State, 47 Ariz. 244, 55 P.2d 310; Earp v. State, 20 Ariz. 569, 184 P. 942; cf. State v. Chee, 74 Ariz. 402, 250 P.2d 985. Our constitution provides for a preliminary examination in all felony cases. Art. 2, § 30. This has been implemented by Rule 16 of the Arizona Rules of Criminal Procedure:

"When the defendant is brought before the magistrate after arrest, either with or without a warrant, on a charge of having committed an offense which the magistrate is not empowered to try and determine, the magistrate shall immediately inform him:

"1. Of the charge against him * *."
We hold there is no requirement that one be informed of the nature of the charges against him prior to arrest (in the instant case—after release from prison).

 Petitioner's third contention is that he was deprived of his fundamental right to assistance of counsel for his defense by failure of the Maricopa County superior court to grant petitioner's motion for appointment of counsel made in conjunction with his motion for writ of habeas corpus ad prosequendum, filed July 8, 1963. Our

court has ruled an indigent is not entitled to court-appointed counsel on an application for writ of habeas corpus. Applications of Oppenheimer, 95 Ariz. 292, 389 P.2d 696; cf. Application of Dutton, 95 Ariz. 96, 387 P.2d 799; Leonard v. Eyman (September 30, 1965), 1 Ariz.App. 593, 405 P.2d 903. We hold there was no deprivation of petitioner's fundamental right to counsel.

Finally, petitioner contends he was denied due process of law because of the deprivations of right to speedy trial, right to be informed of the nature of the charges against him, and right to counsel. We said, in State v. Maldonado, supra:

> "The United States Supreme Court has stated that denial of due process 'as applied to a criminal trial * * * is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it * * * (the Court) must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial.' * * Thus, unless the preliminary delay in some way deprives an accused of a fair trial there is no denial of due process of law.
>
> * * * * * *
>
> " * * * defendant makes no contention that the delay deprived him of an opportunity to effectively prepare for or defend himself at the trial. In the absence of any resulting unfairness at the defendant's trial we cannot say that he has been denied due process of law." 92 Ariz. at 76, 373 P.2d at 587

Petitioner in the instant case, unlike appellant in Maldonado, supra, contends the delay has deprived him of evidence needed for his defense, and he is thereby deprived of a fair trial. We must scrutinize the record to determine whether the facts support this contention. The parties to this writ have stipulated testimony of various witnesses may be presented to this court by deposition.

Robert C. Zamie, owner of the tavern petitioner is alleged to have robbed, testified at petitioner's preliminary hearing that one of the customers in the bar at the time of the robbery had since died. Zamie repudiated this statement in his deposition. With no more before us as to the identity of this witness, or the truth or falsity of the fact of his death, there is no basis for denial of due process resulting therefrom.

Robert N. Axelrod, counsel appointed for petitioner after his release in August 1964, in his deposition, described his attempts to investigate the case for the purpose of finding evidence regarding a defense for petitioner. Axelrod admitted the only defense available was "alibi." His deposition indicates various telephone calls he made, and letters he wrote in attempts to locate reliable "alibi" witnesses. A letter

written by Axelrod to a tire company in the State of Washington, in an effort to place petitioner there on the date of one of the alleged robberies, was returned stamped "out of business." Axelrod attempted to trace the dates of various long-distance telephone calls made between petitioner and his son from outside Arizona during the period in question, but Axelrod was informed by petitioner's stepbrother that telephone company records were not kept after one year. Axelrod admitted in his deposition that he did not follow up these leads diligently.

Petitioner's wife has been missing since January 1964. Petitioner stated in his deposition that she could aid in his defense, but he did not know where she was. Axelrod related his unsuccessful efforts to locate the wife, writing one letter and making various calls to a telephone number he had been given, and talking to persons interested in helping petitioner.

■ We hold that to date there has been insufficient evidence to show the delay has deprived petitioner of the opportunity to prepare effectively for, or defend himself at, trial. It has not been shown to the satisfaction of this court that petitioner's wife, or any other material witness, will not appear and testify at his trial. Neither the state nor counsel for petitioner has diligently attempted to locate the wife. The record does not indicate that a subpoena has been issued, or that it could not be served. The trial court may well determine the question of due process before or during trial. Petitioner having brought this application prematurely, we therefore deny it without prejudice. Goodman v. State, 96 Ariz. 139, 393 P.2d 148.

Writ denied.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concur.