441 P.2d 790

**STATE of Arizona, Appellee,**

v.

**Douglas L. RHODES, Appellant.**

**No. 1 CA–CR 144.**

Court of Appeals of Arizona.

June 10, 1968.

Rehearing Denied July 3, 1968.

Review Granted Sept. 17, 1968.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Chief Judge.

This is an appeal from a judgment and sentence entered as a result of a plea of guilty by the defendant-appellant. We are called upon to determine whether the sentence was proper under our statutes.

The facts necessary for a determination of this matter on appeal are as follows. On 24 September 1963 the defendant was held to answer in the Justice Court of the Northwest Phoenix Precinct on the charge of drawing a check on insufficient funds. The defendant was released on bail and did not appear for trial in the Superior Court. On 8 January 1966 the defendant

turned himself in to the Police Department of Fresno, California, and admitted to writing numerous bad checks. At this time defendant informed authorities about the insufficient funds charge in Arizona, as well as additional possible forgery and bad check charges in Arizona and in other states.

The defendant was sentenced to an indeterminate term in the State of California. He also received a sentence in Nebraska which is to begin after he serves his California sentence. The State of Kansas has placed a detainer on him and he has been informed that they intend to prosecute after the disposition of his case in Arizona. Early in 1966 the defendant wrote the County Attorney of Maricopa County, Arizona, making known his availability to stand trial. On 25 May 1967 after extensive correspondence between the defendant and the State of Arizona, as well as a writ of habeas corpus filed in this Court, the defendant was brought from California to Arizona by executive agreement. The State filed a new charge, and after numerous other proceedings the defendant, on 27 July 1967, appeared before the court and the following took place:

> "The Court: * * * You have previously entered a plea of guilty to the crime of bogus check, a felony, is that correct?
>
> "Mr. Rhodes: That's right.
>
> "The Court: Is that your plea?
>
> "Mr. Rhodes: Yes, sir."

After extensive discussion the court then sentenced the defendant as follows:

> "By reason of your plea of guilty it is the judgment of the court that you are guilty of the crime a bogus check, a felony, and as punishment for that crime the court sentences you to incarceration and imprisonment in the State Penitentiary at Florence, Arizona for a term of not less than three nor more than five years; said sentence to date for (sic) this date.

> "It is further ordered that said sentence will run concurrently with the sentence presently being served by the defendant in California and it is further ordered that the defendant will receive credit for any time served by him in the California Men's Correctional Institution at Soledad, California.

> "It is further ordered directing the Sheriff of Maricopa County to return the defendant to the State of California for further incarceration in the California Men's Correctional Institution at Soledad, California."

Appellant appealed from this sentence, and briefs were filed by the Public Defender's Office of Maricopa County as well as the defendant in propria persona. Defendant raises many questions, but we think the only one necessary for this Court is the propriety of the sentence imposed by the court.

It is apparent since the case of Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), that the 6th Amendment to the Constitution of the United States which guarantees an accused the right to a speedy trial is applicable to the states through the due process clause of the 14th Amendment. The court stated:

> "We hold here that the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment. That right has its roots at the very foundation of our English law heritage. * * *." 386 U.S. 213, 223, 87 S.Ct. 988, 993. See also Norton v. Superior Court, 100 Ariz. 65, 411 P.2d 170 (1966).

The law generally seems to be that when a person is incarcerated in another jurisdiction and a charge is pending against him, some attempt must be made to obtain the defendant's release for trial in order that there may be an early determination of his innocence or guilt, Richerson v. State of Idaho, 91 Idaho 555, 428 P.2d 61 (1967), Vaughn v. State of Missouri, 265 F.Supp.

933 (1967), and failure to do so may be raised later by defendant. State v. Kostura, 98 Ariz. 186, 403 P.2d 283 (1965), State v. Heisler, 95 Ariz. 353, 390 P.2d 846 (1964). Indeed, the right to a speedy trial and to early determination of innocence or guilt is certainly inherent to any just administration of the criminal law. For the defendant or the State in the instant case to wait five to ten years before trial in Arizona at a time when the evidence might be lost, the memory of witnesses dimmed, and the ability of the defendant to adequately assist in his defense, as well as the State to prosecute effectively, would not properly serve the ends of justice.

But a speedy determination of innocence or guilt does not necessarily demand an immediate sentencing after judgment. Our rules require that judgment of guilt or innocence be imposed within a certain period of time after a plea of guilty or a jury verdict. Rule 324, Rules of Criminal Procedure, 17 A.R.S. The Rules of Criminal Procedure further provide:

"If cause sufficient under Rule 332 is not alleged, or having been alleged is not proved, or has ceased to exist, the court may either pronounce sentence immediately or postpone pronouncement of sentence to a future certain day or postpone pronouncement for a reasonable time." Rule 335, Rules of Criminal Procedure, 17 A.R.S.

Also:

"B. If the sentence is for imprisonment in the state prison, the sheriff of the county shall upon receipt of a certified copy thereof take and deliver the defendant and such certified copy to the superintendent of the state prison, and obtain from the superintendent a receipt for the defendant." Rule 340, subd. B, Rules of Criminal Procedure, 17 A.R.S.

And:

"A. If the sentence is for imprisonment, or a fine and imprisonment until the fine is paid, the defendant shall forthwith be committed to the custody of the proper officer for detention until the sentence is complied with." Rule 341, subd. A, Rules of Criminal Procedure, 17 A.R.S.

When these rules are read together it is apparent that the trial court should not be required to impose a sentence that because of the circumstances cannot immediately be carried into execution. Neither do we find any authority for our Superior Court to sentence the defendant for a term of imprisonment to be served in the correctional or prison facilities of another sovereign. If the court in honoring the executive agreement which brought the defendant from California to Arizona for trial properly felt it should not turn the defendant over to the Arizona State Prison for serving of the sentence indicated, the court could have, in its wisdom, suspended imposition of sentencing and placed the defendant on probation for a reasonable length of time. § 13–1657 A.R.S., State v. Ortiz, 98 Ariz. 65, 402 P.2d 14 (1965). The court also could postpone sentencing until such time as the defendant could appear before the court and be subject to the control, not only of the court, but also the authorities of the State of Arizona in executing the sentence of the court. This we believe under the circumstances herein to be the better method. But the Superior Court may not sentence a person to the Arizona State Prison and then in effect allow or direct that the defendant serve all or part of the sentence in the California institution.

In the instant case, by waiting until defendant has served his time in California before returning to Arizona for sentencing, the ends of justice would be served by having sentence imposed at a time when the court would have the physical possession of the defendant and the practical ability to carry out any sentence that would be indicated. The court would also have the benefit of defendant's record during the

years of incarceration in the State of California to aid in determining whether or not a suspended sentence is indicated.

It is therefore the decision of this Court that the judgment of guilt appealed from be affirmed, that the sentence is vacated, and the matter remanded to the Superior Court for imposition of sentence at such time as the defendant can appear before the court and be subject to the jurisdiction of the State of Arizona for the serving of any sentence which may, in the wisdom of the said court, be imposed upon the defendant.

DONOFRIO and STEVENS, JJ., concur.