454 P.2d 569

The STATE of Arizona, Appellee,

v.

Richard F. TAFOYA, aka Robert P. Herrera, Appellants.

No. 1831.

Supreme Court of Arizona.

In Banc.

May 14, 1969.

At about 6:00 p. m., on the 5th day of April 1967, defendant entered the Greyhound Bus Depot in Winslow, Arizona, with a short-barrelled rifle and robbed Mrs. Helen Doonan, owner and manager of the bus depot, of some $622 in cash and checks. Two other women were also present in the bus depot during the robbery. After receiving the money from Mrs. Doonan, defendant ordered her to lie down on the floor and pushed the gun up against her stomach, at which time she grabbed the barrel and wrestled with him. During the ensuing struggle, defendant struck Mrs. Doonan's face several times with his fist, breaking her dentures and inflicting facial injuries. The defendant pulled the trigger of the rifle twice but it misfired. Defendant fled, but he was apprehended two days later, and incarcerated in the Winslow City Jail. Defendant escaped twice from jail before his trial, but was apprehended by the police within a short time in both instances.

■ Denzil G. Tyler was appointed to represent defendant for his appeal. Mr. Tyler filed a certificate with our Court, stating:

"That the undersigned does not find any reversible error within the record, and is aware of the often repeated statement of the honorable court that it will not look outside the record for grounds for reversal."

We determined that the certificate of Mr. Tyler did not conform with the United States Supreme Court decision in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Thereafter, at the request of the court, defendant's attorney submitted a brief fully conforming to Anders, supra. Defendant also filed a brief in personam.

Defendant's first contention is that he was not sufficiently identified to enable the jury to find beyond a reasonable doubt that he was actually the person who committed the robbery.

After Mrs. Doonan, the victim of the robbery, had related the events as they

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Denzil G. Tyler, Winslow, for appellant.

McFARLAND, Justice:

Richard F. Tafoya, hereinafter referred to as defendant, was found guilty of the crime of robbery. He was sentenced to serve a term of not less than eight nor more than ten years in the Arizona State Prison. From his conviction and sentence he appeals.

occurred at the time of the robbery, she testified as follows:

> "Q. This man that was doing this to you, do you see him in the courtroom today?
>
> "A Yes, I sure do.
>
> "Q Will you point out where he is?
>
> "A He is there sitting by Mr. Wilson.
>
> "MR LEPPIN: May the record show she is pointing at the defendant?
>
> "THE COURT: Record may so show.
>
> "MR. LEPPIN: Q You are sure of that?
>
> "A Yes, I am absolutely sure. I might add that I had my glasses on while he was hitting me, too."

■ Defendant agrees in his brief that such identification was quite positive, but urges that since the other two witnesses to the crime could not so identify him, the possibility of mistaken identification arises. However, the record does not substantiate this contention. There is sufficient competent evidence in the record from which the jury could find that defendant was in fact the person who committed the alleged robbery. We held in State v. Norgard, 103 Ariz. 381, 442 P.2d 544:

> "In reviewing the sufficiency of the evidence to support a conviction the evidence must be viewed in light most favorable to the state, and all reasonable inferences must be resolved against defendant. In considering whether a verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. *The question is whether there is competent evidence to support the conclusions found.* * * *" [Emphasis added.]

The above principle is well established by this Court's decisions. State v. Spencer, 102 Ariz. 466, 433 P.2d 16; State v. Blankenship, 99 Ariz. 60, 406 P.2d 729; State v. Mangrum, 98 Ariz. 279, 403 P.2d 925.

Defendant's next contention is that the trial court erred in permitting the state to present evidence of his escape from the Winslow City Jail. At a hearing outside the presence of the jury, the court was informed that defendant was on parole from the State of Colorado, and that he was wanted for offenses other than the one for which he was being tried. On the issue of the escape, defendant sets forth his argument as follows:

> "Under the circumstances it is submitted that the defendant could just as well have been motivated by his knowledge of his parole status, and by knowledge that other jurisdictions might want him, as by any consciousness of guilt of the robbery. It is therefore submitted that the rule which should have applied was that evidence tending to show commission of a crime entirely distinct and independent of that for which the accused is on trial is neither relevant or admissible."

■ Defendant's escape was a fact to be considered by the jury. We said, in State v. Guerrero, 58 Ariz. 421, 120 P.2d 798:

> "'* * * it is admissible in evidence as a fact which may be considered by the jury, and from which they may draw an inference, in connection with other circumstances and in the absence of an explanation of the reasons or motives which prompted it, that he is guilty * * *.'"

■ We have held that an escape from jail, even though hours after the commission of the offense or the arrest, goes not to the admissibility but rather to the weight to be accorded the evidence. State v. White, 101 Ariz. 164, 416 P.2d 597; State v. Guerrero, supra. If defendant so desired, he could have presented an alternative explanation for his escape other than that he was guilty of the crime of robbery. Defendant's testimony in regard to other offenses was not evidence presented to the jury, and did not tend to show the commission of another crime; therefore, it could not have been prejudicial.

Defendant urges that it was error to admit a photograph into evidence after the

witness who identified the photograph admitted that it was inaccurate. In discussing the escape from jail, and in referring to the photograph in question, the following testimony of Officer Baca was elicited:

"Q   It was this way?

"A   Yes.

"Q   It is pushed back some 20 inches?

"A   Yes, sir, that is a close picture because the room is so small. That is why it shows more than 20 inches, I believe.

"MR. WILSON: I object, even the witness says it is inaccurate as to distance.

"THE COURT: Well, the jury has the information. It will be admitted with the qualification stated by the evidence."

Humphrey v. Athison, 50 Ariz. 167, 70 P.2d 319, sets forth the general rule as to the admissibility of photographs as follows:

" * * * The general rule as to their admissibility is that if a photograph be a substantially correct reproduction of the scene of the accident, and if it will aid the jury in understanding the testimony, it should be admitted   * * *."

■   The photograph in this case was admitted in order to show the means by which defendant escaped as proof of the truth of the allegation that he did in fact escape. The exact location of the furnace is immaterial for the purpose for which the photograph was introduced.

■   Photographs may be admitted in the court's discretion even where changes from the time in question have occurred in the scene or object pictured, so long as the nature of the changed conditions is sufficiently explained to the jury. Udall on Ariz. Evidence, § 132; Young v. State, 38 Ariz. 298, 299 P. 682. It is stated in Young, supra:

" * * * The purpose of the rule requiring that photographs which are offered in an attempt to show the condition of an object which cannot be examined physically by the jury must show the object as it existed at the time to which the evidence is directed is that the jury shall not be misled into believing that certain conditions did or did not exist when the facts were otherwise.
* * * "

■   Defendant argues that the trial court erred in allowing Lorenzo Baca to relate out-of-court statements made by Sam Baca with regard to the whereabouts of defendant at the time of the robbery because such testimony is hearsay. Sam Baca testified that defendant came to his house at about 5:20 p. m. on the night of the robbery. Lorenzo Baca testified that Sam had said out of court that he didn't see defendant between 5:00 and 6:30 p. m. on the night of the robbery. It appears clear that the purpose of the testimony was to impeach the testimony of Sam Baca by a showing of a prior inconsistent statement. An adverse witness may always be impeached by a showing that, at other times, he had made statements inconsistent with his present testimony. State v. White, 92 Ariz. 306, 376 P.2d 771.

■   However, even if Sam Baca's out-of-court statements were offered to prove the truth of the words contained therein, such statements are now in the case for all purposes because no objection was made to the admission of Lorenzo's testimony. Central Copper Company v. Klefisch, 34 Ariz. 230, 270 P. 629. We said in Klefisch:

" * * * So far as the answers to which no objection was made,   * * *   are concerned, they were properly before the jury, and should be considered by them in passing upon the case.   * * * "

■   Defendant complains because he was not represented by counsel at the time he was identified by Mrs. Doonan, the victim of the robbery, and the witnesses thereto, which identification was made two days after the robbery. He relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, for his argument. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, decided the same day as Wade, supra, held that the Wade decision

only has application to confrontations held after the date of that decision—June 12, 1967. The confrontations in this case were held on the 6th and 7th of April 1967, so Wade has no application here.

The only remaining question under Stovall, supra, is whether the confrontation was so "unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." The record does not show any suggestive statement of the officers that defendant was the man who committed the robbery, and the evidence is void of any showing of any suggestive conduct of the officers or by any one connected with the case as to the identity of defendant. We therefore hold that defendant was not deprived of due process of law under the decision of Stovall, supra.

Defendant contends that he was detained in jail for an excessive period of time before being charged. Defendant was arrested on April 7, 1967; he was held to answer on May 25, 1967; and he was informed against for the crime of robbery on May 29, 1967.

Rule 80, Rules of Crim.Proced., 17 A.R.S., provides that the county attorney shall file an information charging defendant with the commission of the offense within thirty days after defendant is held to answer, but Arizona has no express constitutional or statutory provision defining the period of time within which one must be held to answer after his arrest. Accordingly, our Court has held that the right to a speedy trial commences at the time one is held to answer. Palmer v. State, 99 Ariz. 93, 407 P.2d 64; State v. Maldonado, 92 Ariz. 70, 373 P.2d 583. In Maldonado, 79 days elapsed between the arrest and the time the defendant was held to answer. We there held that unless the delay in the preliminary hearing is such that it deprives the accused of a fair trial, there is no denial of due process of law, the test being whether there is a resulting prejudice to defendant's rights to a fair trial by the delay.

Neither defendant, nor his attorney, has presented any evidence of prejudice resulting to defendant as a result of any delay in this case. And we have been unable, from our own examination of the record, to find any resulting prejudice. We held in Maldonado, supra, that the remedy against undue detention is provided for under A.R.S. § 13–545, which punishes an officer who arrests a person and wilfully delays taking such person before a magistrate for the purpose of an examination.

Defendant's last contention alleges incompetency and indifference by the attorney appointed for his appeal. In State v. Kruchten, 101 Ariz. 186, 417 P.2d 510, we held that a conviction will be held invalid only if the representation by counsel is a farce or a sham, saying:

"Advocacy is a skill and art; easy to criticize, difficult to fairly appraise. Indeed a post-mortem of criminal trials, selected at random, would undoubtedly reveal flaws of varying magnitude in the trial techniques of respected members of the bar. Our profession is one in which hindsight is a meager measure of counsel's competency. Trial strategy is seldom viewed with a uniform eye."

There is nothing in the record to indicate indifference or incompetence of counsel in this case.

Judgment and sentence affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.