454 P.2d 993

STATE of Arizona, Appellee,
v.
Douglas L. RHODES, Appellant.
No. 9370–PR.

Supreme Court of Arizona.
In Banc.
May 29, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

Douglas L. Rhodes in pro. per.

McFARLAND, Justice:

Douglas Rhodes, hereinafter designated as defendant, was charged with the crime of attempting to obtain money or property by means of a false or bogus check, in violation of § 13–311, A.R.S., as amended. Defendant entered a plea of guilty to the charge, and was sentenced by the court. From this sentence he appealed. The Court of Appeals affirmed the judgment of guilty, set aside the sentence of the Superior Court, and remanded the matter to the Superior Court for imposition of sentence at a future date. 7 Ariz.App. 562, 441 P.2d 790. This Court granted defendant's petition for review. Decision of the Court of Appeals is vacated.

The information alleged that the crime was committed on the 12th of November 1965. Defendant left Arizona in 1966, and went to California, where he committed several similar crimes for which he was there sentenced to serve a term in prison.

Defendant had been charged in Arizona on the 24th of September 1963 for the crime of drawing a check without sufficient funds. He was held to answer on the charge, and was released on bail. He did not appear for trial in the Superior Court. On the 8th of January 1966 he turned himself in to the police department of Fresno, California, and admitted to writing numerous bad checks, at which time he informed the authorities about the forgery charges and offenses in other states.

Defendant had written the county attorney of Maricopa County, making known his availability to stand trial, and on the 25th day of May 1967, after a correspondence between defendant and the State of Arizona, defendant was brought from California by executive order for trial in the State of Arizona, to be returned to the State of California for the completion of his sentence after his trial in Arizona.

Upon his return to Arizona, the new charge was filed, and it was to that charge that he entered a plea of not guilty, and thereafter changed his plea from not guilty to guilty. He was represented by Thomas Thinnes, a deputy public defender. The court found him guilty as charged, and sentenced him to be

"imprisoned in the Arizona State Penitentiary at Florence, Arizona for a period of not less than Three (3) nor more than Five (5) years from this date, said sentence to run concurrently with the sentence the Defendant is serving in the State of California.

"IT IS FURTHER ORDERED that the Defendant be returned to the authorities

in the State of California for incarceration in the Men's Correctional Institution, Soledad, California, and that he receive credit on this sentence for all times served in that institution.

"IT IS FURTHER ORDERED directing the Sheriff of Maricopa County to return the Defendant to the proper authorities in the State of California.

"IT IS FURTHER ORDERED granting the motion of the State of Arizona to dismiss Cause No. 52204."

Defendant appealed from his sentence. Briefs were filed both by the public defender's office and by defendant in propria personam. He first contends that he was denied the right to a speedy trial under Article II, Sec. 24, of the Arizona Constitution, A.R.S., and the Fourteenth Amendment to the United States Constitution.

 The question then is whether defendant under the circumstances has been deprived of due process of law, and whether the delay deprived him of the opportunity to prepare for and defend himself at the trial. We have previously passed upon this question, and have held that the right to a speedy trial attaches at the time the accused is held to answer, and that there is no deprivation prior to that stage of the case. State v. Tafoya, 104 Ariz. 424, 454 P.2d 569 [May 14, 1969]; State v. Burrell, 102 Ariz. 136, 426 P.2d 633; State v. Tuggle, 101 Ariz. 216, 418 P.2d 372; Palmer v. State, 99 Ariz. 93, 407 P.2d 64; and State v. Maldonado, 92 Ariz. 70, 373 P.2d 583. In State v. Tuggle, supra, we said:

"The rights of an accused to a speedy trial are guaranteed by Article 2, § 24, of the Arizona Constitution [1] and the 14th

"1. Art. 2, § 24, of the Arizona Constitution, A.R.S., provides: 'In criminal prosecutions, the accused shall have the right to * * * a speedy public trial * * *.'

Amendment to the Constitution of the United States of America. The question of denial of the right to a speedy trial resulting from a delay in prosecution was considered by this court in Palmer v. State, 99 Ariz. 93, 407 P.2d 64. In that case, a federal prisoner in Leavenworth, Kansas, petitioned this court for a writ of habeas corpus, asking for dismissal of prosecution on two counts of robbery pending in the Superior Court of Arizona. The petitioner contended, among other things, that he had been deprived of the fundamental right to a speedy trial because of failure of the State of Arizona and the County of Maricopa to prosecute actively or grant a preliminary hearing for eighteen months. We there reaffirmed our holding in State v. Maldonado, 92 Ariz. 70, 373 P.2d 583, cert. denied, 371 U.S. 928, 83 S.Ct. 299, 9 L.Ed.2d 236, that the right to a speedy trial attaches at the time the accused is held to answer, and found no deprivation of this right by the delay in prosecution antecedent to petitioner's being held to answer. As the prosecution was conducted with dispatch in compliance with the applicable rules subsequent to defendant's commitment, Palmer v. State, supra, is controlling in the determination of the question in the instant case and we find no denial of defendant's right to a speedy trial. We held in both Palmer v. State, supra, and State v. Maldonado, supra, that the underlying question is whether a defendant under such circumstances has been deprived of due process of law. The acts complained of must be of such a quality as to necessarily prevent a fair trial. The delay must have deprived defendant of the opportunity to effectively prepare for, or defend himself, at the trial. Defendant pleaded guilty to the charge and there is no showing that the acts complained of deprived the accused of a fair trial. Also, by entering a plea of guilty to the charge defendant thereby waived any question in regard to his right to a speedy trial or due process of law. * * *"

Defendant, by entering his plea of guilty, waived any question in regard to his right "to a speedy trial or due process of law."

The next question involves the procedure of the court in the pronouncement of sentence. It is contended in the amicus

curiae brief of the public defender's office, in support of the petition for review, that after a verdict or plea of guilty it is the duty of the court to pronounce judgment and sentence "without unreasonable delay." Rule 324, Rules of Crim. Proc., Revised, 17 A.R.S., provides:

"If the defendant is acquitted judgment shall be rendered immediately. If the defendant is convicted judgment shall not be rendered until three days after such conviction and only after overruling any motion for a new trial or in arrest of judgment. If the defendant expressly waives his right to move in arrest of judgment and for a new trial, judgment may be rendered immediately."

■ The provision which prohibits a judgment from being passed until three days after a conviction is for the purpose of giving the defendant an opportunity to make a showing in mitigation of the sentence. State v. White, 97 Ariz. 196, 398 P.2d 903. The next provision requires that a judgment shall be postponed until after the motions for new trial and arrest of judgment are overruled, unless they are expressly waived, in which case judgment may be rendered immediately.

■ There is no inference from these provisions that the court may unreasonably delay the passing of sentence. As a matter of fact, a reasonable interpretation of the law is to the contrary. In the case of Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393, cited by the public defender's office, the majority of the Supreme Court held that the court might impose sentence after a two-year delay after holding a previous sentence to be void; however, it is stated that the time of sentence was not "at the will of the judge," and that any delay must not be "purposeful or oppressive." The reason for allowing the sentence to be imposed two years later was that the invalidity of the previous sentence was accidental and was promptly remedied when discovered.

In Hall v. State, Okl.Cr., 306 P.2d 361, where there was a suspension of the im-

position of sentence to an uncertain date, the court held:

"* * * It is obvious the trial court in violation of the provisions of the Constitution had placed the defendant on judicial parole. Neither the states nor the Constitution permit such to be done. * * *"

In Grant v. McLeod, Okl.Cr., 325 P.2d 1083, a later case the Oklahoma court stated:

"In the within case the defendant had a record of a previous conviction, so the court was not authorized to impose suspended sentence. 22 O.S.A. §§ 991, 992. The same objective could be attained, or so it seems to have been thought, by permitting the petitioner to go free, and postponing sentence for an indefinite period. There was an attempt to get around the law by doing indirectly what could not be done directly. This delay might be for a year, and if for a year, for any number of years, with the possibility of imposition of sentence summarily at any time at the whim of the then district judge or a remote successor. Thus, unlike where one is sentenced for a definite time and sentence suspended, and where the sentence would expire at a definite future date, the deferred sentence to an indefinite date would ever hang over petitioner's head, with his future life restricted, walled in, and hampered by chance and probability."

See also McLaughlin v. State, 207 Ind. 484, 192 N.E. 753, 97 A.L.R. 800, and annotation in 97 A.L.R. 802. Also Smith v. State, 188 Ind. 64, 121 N.E. 829, 3 A.L.R. 999, followed by annotation at p. 1003, to the effect that sentence must be pronounced within a reasonable time.

■ Rule 335, Rules of Crim. Proc., 17 A.R.S., specifically provides:

"If cause sufficient under Rule 332 is not alleged, or having been alleged is not proved, or has ceased to exist, the court may either pronounce sentence immediately or postpone pronouncement of

sentence to a future certain day or postpone pronouncement for a reasonable time."

It is evident that it was intended to require that sentence be pronounced within a reasonable time. Under the facts in the instant case no good cause for not pronouncing sentence having been shown, it was the duty of the court to pronounce sentence as provided for in Rule 335, Rules of Crim. Proc., 17 A.R.S., or to have suspended the imposition of sentence in accordance with the revised statute, § 13–1657, A.R.S.

The next question is the validity of that part of the court's sentence making it run concurrently with sentence of the court in the State of California. This question is one of first impression with this Court. Rule 338, Rules of Crim. Proc., 17 A.R.S. provides:

"When the sentence imposes imprisonment, *it shall state the date at which the imprisonment is to begin.*" [Emphasis added.]

Sec. 13–1652, A.R.S., provides:

"The term of imprisonment fixed by the sentence commences to run only upon actual delivery of defendant at the place of imprisonment, *or from the time fixed by the court as the time when the term of imprisonment begins.* If thereafter, during such term, the defendant by legal means is temporarily released from the imprisonment and subsequently returned thereto, the time during which he was at large shall not be computed as part of the term." [Emphasis added.]

Both the rules of this Court, and the statutes give the court authority to fix the date of the beginning of the sentence at a date prior to delivery of the defendant to the Arizona State Penitentiary. It is common knowledge that the courts frequently give a defendant credit for time that he may have been incarcerated in jail prior to sentencing. While this provision is not mandatory, justice requires that the court have this discretion. Otherwise, after a plea of guilty or a verdict of guilty by a jury, a defendant would not be entitled to credit for the time required for an investigation by the probation officers prior to sentencing.

Under Rule 339, Rules Crim. Proc., 17 A.R.S., there can be no question but what this rule was intended to permit the court imposing a second or later sentence to have authority to make the sentence run concurrently with a former sentence imposed by another court. See Odekirk v. Ryan, 6th Cir., 85 F.2d 313.

The question then is whether this provision referring to a prior sentence applies to a prior sentence in a court of another State. The Penal Code of California, Sec. 669, provides, in part:

"When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently, or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be; * * *."

The California courts have interpreted this section, in In re Stoliker, 49 Cal.2d 75, 315 P.2d 12:

"* * * section 669 of the Penal Code 'permits the imposition of concurrent sentences when a defendant is convicted of two or more crimes * * * *in different proceedings or courts*' (In re Roberts, 40 Cal.2d 745, 749, 255 P.2d 782, 784, emphasis added.)

\* \* \* \* \* \*

The Attorney General further argues that People v. Tucker, 127 Cal.App.2d 436, 273 P.2d 934, holds that Section 669

cannot apply to federal sentences. The trial court, however, had made no attempt there to make the sentences run concurrently, no evidence was introduced on the federal conviction, and no reasons were given by the court why state and federal sentences might not be made to run concurrently in a proper case. The opinion in that case is therefore not persuasive in the determination of the present case."

The interpretation of Section 669 of the California Penal Code, in the Stoliker case, supra, holding that the statutory words "different proceedings or courts" includes federal courts, was broadened to include courts of other States in the case of In re Riddle, 240 Cal.App.2d 707, 49 Cal. Rptr. 919, wherein it is stated:

" 'Under the so-called "Stoliker rule" established by California case law [In re Stoliker, 49 Cal.2d 75, 78, 315 P.2d 12], a California prisoner is entitled to be made available for delivery to the prison authorities of another jurisdiction, if his California commitment expressly decrees that the California sentence shall run concurrently with an unexpired sentence in the other jurisdiction.' (In re Portwood, 236 A.C.A. 344, 346, [236 Cal.App. 2d 321], 45 Cal.Rptr. 862, 863.) This rule also applies where the sentencing judge has knowledge of the unexpired sentence in the other jurisdiction. (In re Alstatt, 227 Cal.App.2d 305, 307, 38 Cal.Rptr. 616, quoted in In re Portwood, supra.) Pursuant to the provisions of section 669 of the Penal Code and California case law, petitioner at the time of sentencing by the El Dorado County Court was entitled to be made available for delivery to the Oklahoma authorities, so that the remaining time under his Oklahoma sentence will be credited to his California sentence. The California Director of Corrections is authorized and directed by Penal Code section 2900 to designate a California institution to which petitioner may be returned, if his Oklahoma confinement ends before the expiration of his California sentence."

Section 13–1652, A.R.S., in permitting a court to fix a date when sentence is to begin, does not state where the person is to be confined before delivery to the Arizona State Penitentiary; as a result, when the court fixes the date for commencement of sentence at a date prior to the delivery to the Arizona State Penitentiary, we are confronted with the question of whether such sentence can be made to run concurrently with confinement in a penitentiary of another State. An interpretation is required as to the meaning of our statute just as it was required in California to define the meaning of the provision of "other courts" in Sec. 669, supra, which resulted in the holding that a sentence might run concurrently with that pronounced in a court of another State. We are of the opinion that the interpretation given by the California court that a court may make a sentence run concurrently with that of another State is a reasonable interpretation, and should be followed by Arizona.

While we recognize that the application of the rule set forth by California may result in some difficulties, it permits the trial court to exercise a discretion. As in the instant case, the trial court evidently was of the opinion that a sentence of from three to five years' imprisonment regardless of where served was sufficient as far as the Arizona crime was concerned. While the court could have suspended the imposition of sentence during that time, the court was evidently of the opinion that justice would be better served by allowing the sentences to run concurrently, which would give defendant a greater incentive for rehabilitation.

We hold the sentence of the trial court valid. Decision of the Court of Appeals is vacated, and judgment of the lower court affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.