523 P.2d 508

**STATE of Arizona, Appellee,**

v.

**Bernie Escobar ACOSTA, Appellant.**

**No. 2839.**

Supreme Court of Arizona,
In Banc.
June 20, 1974.

78

Gary K. Nelson, Atty. Gen., Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, John Foreman, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The defendant, Bernie Escobar Acosta, has filed this appeal challenging the sentence imposed by the Superior Court of Maricopa County. It is the contention of the defendant that he was deprived of due process in the sentencing procedure followed in this case.

A review of the factual background in this case is necessary. The defendant was originally charged by information with possession of a narcotic drug for sale with allegations of two prior felony convictions. The defendant was first brought to trial before a jury on August 2, 1972, but the

trial resulted in a mistrial. The following day another trial was commenced, but before the trial could be completed one of the jurors became ill, and counsel for the defense refused to allow the case to be tried by 11 jurors, so it became necessary for a mistrial to be declared. Following this series of events the state and the defendant entered into a plea arrangement by which two other pending criminal causes would be dismissed and the defendant would enter a plea of guilty to an amended information charging the illegal possession of a narcotic drug with an allegation of prior conviction for the illegal sale of a narcotic drug.

On August 31, 1972 the defendant was brought before the court for change of plea pursuant to the plea arrangement; the information was amended, and the defendant entered a plea of guilty to the amended charge with the allegation of the prior conviction. The trial court carefully examined the defendant to determine that the plea of guilty and acknowledgment of the prior conviction was being made knowingly, voluntarily and intelligently. Having satisfied himself of these facts, the trial court accepted the plea of guilty by the defendant and set the date for imposition of sentence as September 29, 1972. The defendant was not sentenced on the date set, and it was not until February 8, 1973, according to the minutes, that the matter was again before the court. It is apparent from the minutes of that date that a member of the adult probation staff was attempting to secure the admittance of the defendant into a federal drug rehabilitation program commonly referred to as NARA (Narcotic Addict Rehabilitation Act, 42 U.S.C. § 3411 et seq.). A portion of the minutes reflects:

"Robert Loyd of the Adult Probation Office of Maricopa County requests the Court release Defendant Bernie Escobar Acosta from the Maricopa County Jail for the purpose of Loyd taking Defendant Acosta directly to the Federal Court so that the necessary procedures may be completed to have defendant Acosta im-

mediately committed to North Mountain on the N.A.R.A. program.

"Prior discussions by the Court with Robert Loyd and Brice Buehler and Clark Dove representing the Defendant, and Roger McKee and Bud Parks, representing the State, resulted in an agreement that in the event Defendant Acosta could be admitted to the N.A.R.A. program the Court would be willing to place Defendant Acosta on probation in this cause for the purposes of giving Defendant Acosta the opportunity to become rehabitated, but that in the event he could not be accepted in or complete the N.A.R.A. program, then Defendant would be sentenced to incarceration for a term in the Arizona State Prison."

No further activity is noted in the record until May, 1973, when the trial court ordered the issuance of a bench warrant for the arrest of the defendant. The defendant had been on probation since April 7, 1971 as a result of a conviction for burglary, and on March 12, 1973 a bench warrant had been issued on a preliminary order of revocation of probation by another division of the Superior Court of Maricopa County.

On August 16, 1973 the defendant was brought before the trial court for hearing on revocation of probation on the burglary case and for imposition of sentence on the present charge. For reasons best known to the trial judge, but unknown to us, the probation on the 1971 offense was terminated, but no sentence was imposed in the cause. The court proceeded on the charge in this case and imposed a sentence of confinement for not less than 18 nor more than 20 years in the state prison.

 Pursuant to Rules 324 and 335, Rules of Criminal Procedure (1956) the superior court has the duty to render judgment and pronounce sentence without unreasonable delay. State v. Rhodes, 104 Ariz. 451, 454 P.2d 993 (1969), *cert. denied*, 396 U.S. 945, 90 S.Ct. 383, 24 L.Ed.2d 246 (1969). The defendant does not contend that the procedure followed by the court in delaying the imposition of sentence was prejudicial to him. The record clearly shows that the defendant and his counsel not only did not object to the procedure but joined in it. The defendant does contend that the actions of the court must be viewed in law as constituting the granting of probation. The position of the defendant is that, while the procedure did not follow the rules, the substance of the court's action was a grant of probation. Viewing the trial court's actions as a grant of probation the defendant argues that he was entitled to a hearing to determine whether he violated the terms of probation. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

The authority of the court for suspending the imposition of sentence and placing a defendant on probation is A.R.S. § 13–1657. There is nothing in the record which supports the argument that the court did, in fact, suspend the imposition of sentence and place the defendant on probation for any specific period of time or upon terms and conditions determined by the court. There was no compliance with the statute.

██ Defendant argues that his status was in the nature of informal probation. There is no such status as informal probation. A defendant is either on probation on a suspended sentence or he is not. Neither the statutes nor court rules of this state recognize the existence of such a status as informal probation.

██ Finally, the defendant urges that basic fairness required that the trial court give him the opportunity to be heard. With this position we agree. The record reflects that the defendant was accepted in a drug rehabilitation program, but there is nothing in the record which establishes what happened after that acceptance.

The defendant attempted to show some reason for not completing the program. He denied that he had run from the rehabilitation center, but there was no real in-

quiry into what had happened, at least so far as the record shows. Under the circumstances of this case the defendant should have been given a hearing and a record made to show that the defendant had not lived up to the agreement set forth in the minutes of February 8, 1973, if that be the fact.

The conviction of the defendant on the charge is not questioned, and, from our review of the record, we are satisfied the plea of guilty of the defendant was properly accepted. State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969). The conviction is affirmed, but the sentence is set aside and the cause is remanded to the superior court for further proceedings consistent with this opinion.

Sentence vacated.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.