NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID MICHAEL JENNINGS, *Appellant.*

No. 1 CA-CR 19-0219
FILED 3-19-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-127956-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

¶1 This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 451 (1969). Counsel for defendant David Michael Jennings has advised the court that, after searching the entire record, no arguable questions of law have been identified, and filed a brief asking this court to conduct an *Anders* review of the record. Jennings was allowed to file a supplemental brief pro se, but has not done so. This court has reviewed the record and finds no reversible error. Thus, Jennings' conviction and resulting sentence are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 One day in early June 2018, D.F. arrived at a Phoenix rental home his employer was renovating. Using a key retrieved from a lockbox, D.F. entered the front door of the home and "heard somebody walking off to [his] left." D.F. took out his gun and walked around the corner. D.F. saw a man standing inside the home, later identified as Jennings. D.F. told Jennings to get on the ground and called the police. When officers arrived, Jennings tried to escape through the garage but was captured and arrested.

¶3 The State charged Jennings with one count of criminal trespass in the first degree, a Class 6 felony. *See* Ariz. Rev. Stat. (A.R.S.) §§ 13-1501, -1504(A)(1), -1504(B) (2020).[2] Although released on his own recognizance, Jennings failed to appear at various hearings and was taken into custody pursuant to bench warrants.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588–89 (1997) (citation omitted).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶4         At a three-day trial in February 2019, the jury heard testimony from D.F. as well as the owner of the property and two arresting officers. After the State rested, Jennings moved for a judgment of acquittal, which was denied. The jury later found Jennings guilty as charged.

¶5         At sentencing, the State proved Jennings had four prior felony convictions, two of which were historical prior felony convictions. *See* A.R.S. § 13-105(22)(d). Having considered both the aggravating and mitigating factors, the court sentenced Jennings to three years in prison, a less than presumptive term, with 179 days of presentence incarceration credit. This court has jurisdiction over Jennings' timely appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

## DISCUSSION

¶6         The court has reviewed and considered counsels' brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1990) (providing guidelines for briefs when counsel has determined no arguable issues to appeal). Searching the record and briefs reveals no reversible error. The record shows Jennings was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentence imposed was within the statutory limit. Neither counsel nor Jennings raised any issues on appeal.

## CONCLUSION

¶7 This court has read and considered counsels' brief and has searched the record provided for reversible error. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. From the court's review, the record reveals no reversible error. Accordingly, Jennings' conviction and resulting sentence are affirmed.

¶8 Upon filing of this decision, defense counsel is directed to inform Jennings of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 585 (1984). Jennings has 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA